Ruffing v. State.

AFFIRMED.

PETER RUFFING V  F NEBRASKA.

FILED JANUARY 9, 1908.  No. 15,258.

1. Cities: MISDEMEANORS: APPEAL. Where a defendant is prosecuted before a justice of the peace by complaint and warrant for the violation of a village ordinance, and the acts charged are misdemeanors under the laws of the state, such defendant has no right of appeal under section 1006 of the code from a judgment finding him guilty.

2. ——: ——: ——. The right of appeal given by section 324 of the criminal code applies to cases prosecuted for the violation of village ordinances pursuant to the provisions of section 52, art. I, ch. 14, Comp. St. 1907.

3. Indictment: AMENDMENT. Pending an appeal under section 324 of the criminal code from a judgment of a magistrate, the district court may permit the filing of an amended complaint which does not essentially nor materially alter the original charge.

ERROR to the district court for Platte county: JAMES G. REEDER, JUDGE. Affirmed.

· *R. W. Hobart* and *William O'Brien,* for plaintiff in
error.

*W. T. Thompson, Attorney General, Grant G. Martin,
John J. Sullivan* and *Louis Lightner, contra.*

CALKINS, C.

In May, 1906, one Muff, marshal of the village of
Humphrey, filed a complaint before a justice of the peace
residing in Platte county, and having jurisdiction to try
and determine offenses against the ordinances of said
village, charging that the plaintiff in error, hereafter de-
nominated the defendant, "on the 3d day of May, 1906, in
the village of Humphrey, county and state aforesaid, then
and there being, did then and there get drunk and dis-
orderly, and also abuse the said marshal on the public
streets and in public places, in violation of ordinance
number 72 of the said village of Humphrey, Nebraska, in
such case made and provided, and against the peace and
dignity of the people thereof." A warrant was issued
upon this complaint, and the defendant being brought be-
fore the justice was tried and found guilty as charged in
the complaint. Upon such conviction the justice imposed
a fine of $5, and incidentally $10, as it appears, for con-
tempt of court, together with the costs of the action. On
the same day the defendant, with one Ternus as his surety,
appeared before the justice and gave his recognizance in
the sum of $100, conditioned that the defendant should
appear on the first day of the next term of the district
court, and abide the judgment of the court. A transcript
of these proceedings was filed in the district court, and on
the 23d day of May, 1906, which appears to have been one
of the days of the said next term, the said defendant hav-
ing failed to appear, an order was made declaring his re-
cognizance forfeited. On the 9th day of the following
June the defendant filed a motion for an order setting
aside the forfeiture of his recognizance. This motion was
supported by affidavit, in which the defendant alleged

that he understood that said recognizance was entered
into for the purpose of obtaining a change of venue from
the justice before whom the complaint was made, and
that he did not know the date of the first day of the said
term of court, nor understand that he was required to
appear, and in which he stated that he was ready and will-
ing that the said cause should be brought on for trial be-
fore the said district court during the then present May,
1906, term, or at the next term of said court.  On the 16th
day of June this application was heard, and the court
made an order setting aside and vacating the forfeiture
of the defendant's recognizance.  On the 23d day of No-
vember, 1906, the defendant moved to strike the tran-
script, complaint, warrant and recognizance from the
files, because they were not properly certified, and ought
not to have been filed, and for the reason that there was
nothing to show that an appeal was pending in the case.
There was nothing in the transcript to show that the de-
fendant desired an appeal, nor that the recognizance. was
given for that purpose.  But this motion was overruled
and the state was permitted to file an amended complaint,
in the first count of which it was charged that the defend-
ant on the 3d day of May, 1906, in the village of Hum-
phrey, county and state aforesaid, then and there being,
did then and there disturb the peace and good order of the
said village of Humphrey, Nebraska, by being intoxicated
on the streets and in public places within the limits of the
said village to the annoyance of the citizens thereof, and
contrary to the village ordinances in such cases made and
provided.  The second count charged the defendant at the
time aforesaid with using profane, obscene, vile, insult-
ing, offensive, indecent and disrespectful language toward
and in the presence and hearing of Muff, a peace officer of
said village, when and while the said peace officer was in
the lawful discharge of his duties as such officer, contrary
to the ordinance in such cases made and provided.  This
amended complaint was attacked on the ground that the
offenses charged therein were different from those on

which the defendant was found guilty in the court below, which objection being overruled, the defendant was tried to a jury, and found guilty on both counts. The court, having overruled a motion for a new trial and in arrest of judgment, ordered that the defendant pay a fine of $5 and costs of prosecution, omitting the $10 assessed by the justice of the peace for contempt of court. From this judgment the defendant brings error.

1. Section 52, art. I, ch. 14, Comp. St. 1907, provides that "in counties not under township organization justices of the peace of any precinct in which any village or any part thereof may be situated, and in counties under township organization justices of the peace elected in said village, or from the township in which any village or any part thereof may be situated, shall have jurisdiction to hear, try and determine all offenses against the general ordinances of such village, and for that purpose may issue warrants for the arrest of any alleged offender, upon information under oath as in other cases; and upon the arrest of the defendant by the sheriff or any constable of the county, or marshal of such village, shall proceed thereon in all respects in the same manner and with the same powers as against persons charged with a misdemeanor under the general laws of the state; and the justice by or before whom such proceedings shall be had, and the officers making such arrest, shall be entitled to the same fees and costs, and be collected in the same manner as in cases of prosecution for misdemeanors under the laws of the state." No appeal is provided for by this statute, and the state in its brief concedes that none is expressly given, but urges that, where an act not criminal under the laws of the state is made unlawful by a municipal ordinance, a prosecution for a violation of such ordinance is in the nature of a civil action, and that therefore an appeal is given in such cases by section 1006 of the code, which provides for appeals to the district court from the judgments of justices of the peace in civil cases. In support of the contention that the proceeding is essentially a

civil one, the case of *Peterson v. State*, 79 Neb. 132, and a large number of cases from other states are cited. It may be conceded that, where an act is not criminal under the laws of the state, a municipal ordinance will not make it so, and that an action to recover a penalty prescribed by a municipal ordinance on account of an act not criminal by the general law of the state, but forbidden by such ordinance, is a civil action; but in this case the acts charged in each of the two counts of the amended complaint are offenses against the general law of the state. The first count in the complaint charges the defendant with being intoxicated on the streets and in public places of the village, while section 28, ch. 50, Comp. St. 1907, provides that if any person shall be found in a state of intoxication he shall be deemed guilty of a misdemeanor. The second count of the complaint charges that the defendant used profane, obscene, vile, insulting, etc., language toward and in the presence of the peace officer named. We think this offense is embraced in section 30 of the criminal code, which makes it unlawful for any person to resist or abuse any sheriff, constable or other officer in the execution of his office. We therefore conclude that the provisions of section 1006 of the code do not operate to give the defendant the right of appeal in this case.

2. Section 52, art. I, ch. 14, *supra,* after giving certain justices of the peace jurisdiction to hear, try and determine all offenses against the general ordinances of such village, prescribes the procedure. It is there directed that the prosecution shall be by complaint and warrant, and that upon the arrest of the defendant the justice shall proceed therein in all respects and in the same manner and with the same powers as against persons charged with a misdemeanor under the general laws of the state. Whether a prosecution for a violation of a municipal ordinance is in its essential character civil or criminal, this statute provides that it is to be conducted under the forms and in the manner of a criminal prosecution.

Chapter 29 of the criminal code is entitled "Trial of Minor Offenses before Magistrates," and regulates the proceedings of such officials in the exercise of their jurisdiction in all cases of misdemeanors in which the fine cannot exceed $100 and the imprisonment cannot exceed three months. Section 324 provides that the defendant shall have the right of appeal from any judgment imposing fine or imprisonment to the district court of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings thereon. It provides that no appeal shall be granted or proceedings stayed, unless the appellant shall within 24 hours after the rendition of such judgment enter into a recognizance to the people of the state of Nebraska in a sum not less than $100, and with sureties to be fixed and approved by the magistrate before whom such proceedings were had, conditioned for his appearance at the district court at the next term thereof to answer the complaint against him. The magistrate is required to make a return of the proceedings had before him, certifying the complaint and recognizance to the district court on or before the first day of the next term thereof. All of these proceedings are had before the magistrate and in the exercise of his jurisdiction. By section 52, art. I, ch. 14, Comp. St. 1907, the justice in this case was required to proceed against the defendant in the same manner and with the same powers as are provided by said chapter 29. A literal construction of the same would mean that the defendant in this case, upon the rendition of the judgment by the justice, might immediately take an appeal, and within 24 hours enter into a recognizance with sureties to be fixed and approved by the magistrate, and that the magistrate should, when he had approved such sureties, make a transcript of the proceedings and certify the same with the complaint and warrant to the district court on or before the first day of the next term thereof. In doing so, he would proceed in the same manner and with the same powers as against persons charged with a misdemeanor

under the general laws of the state. Sections 325 and 326 of the criminal code regulate the trial of such appeals in the district court; and, while not specifically included in the language of section 52, *supra,* they are so included by necessary implication, for it cannot be supposed that the legislature intended to authorize the steps essential to an appeal to be taken before the justice, without giving the district court power to hear the same. We are therefore of the opinion that all the provisions of chapter 29 of the criminal code are applicable to proceedings had pursuant to the provisions of section 52, art. I, ch. 14, Comp. St. 1907, and that the defendant had a right of appeal. No steps are required of him, except to give the recognizance prescribed, and this he seems to have done within the time and in the manner contemplated by this statute. This was followed by the filing of the transcript by the justice, and perfected his appeal to the district court.

3. The defendant contends that there was error in permitting the state to file an amended complaint in the district court. The complaint filed before the justice charged that the defendant got drunk and disorderly and abused the marshal on the public streets in violation of the village ordinance. The complaint as filed in the district court elaborated the charge made before the justice, but contained no new substantive matter. The first count charged the defendant with disturbing the peace of the village by being intoxicated in public places thereof, and the second count, with using profane and insulting language toward a peace officer of the village while in the discharge of his duties. The amended complaint is drawn with greater particularity, and charges the offenses more in detail, but does not essentially or materially alter the original charge.

We are therefore of the opinion that there is no error in the record, and recommend that the judgment of the district court be affirmed.

FAWCETT and AMES, CC., concur.

39

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.