STATE OF NEBRASKA, APPELLANT, v. WILLIAM MICHAEL RUGGIERE, APPELLEE.

146 N. W. 2d 373

Filed November 18, 1966. No. 36289.

Herbert M. Fitle, Charles A. Fryzek, Walter J. Matejka, Richard L. Dunning, John A. Gutowski, Raymond E. Gaines, Gary P. Bucchino, and John B. Abbott, for appellant.

McGowan & Troia, for appellee.

Heard before WHITE, C. J., SPENCER, BROWER, SMITH, and McCOWN, JJ., and C. THOMAS WHITE, District Judge.

SMITH, J.

In the exercise of appellate jurisdiction over minor offenses the district court denied the State permission to file a new complaint. The complaint was dismissed on demurrer, and the county attorney has taken exceptions.

The State had commenced the prosecution in the municipal court of Omaha. The complaint contained the following allegation: Defendant had operated a motor vehicle on May 25, 1964, "during any period that his operator's license had been suspended pursuant to any law of this state." Judgment went against defendant, and he appealed to the district court.

In October 1964, the district court ordered forfeiture of defendant's bond and dismissal of the appeal. It subsequently vacated the dismissal, the bond being reinstated. In December 1964, defendant entered a plea of nolo contendere. Bond was again forfeited January 7, 1965.

In January 1966, the court permitted defendant to withdraw his plea and to demur instanter. By demurrer he objected that his license had been revoked, not suspended. At the hearing the parties stipulated that the license had been revoked under the point system for 1 year commencing September 5, 1963. See § 39-7,128, R. S. Supp., 1965. The State then sought permission to file a new complaint. The court denied the request, sustained the demurrer, and dismissed the complaint. Granting an application for leave to docket error proceedings, the district court appointed counsel to oppose the argument of the county attorney.

The county attorney contends that the allegation of license suspension was amendable by substitution of revocation for suspension. Opposing counsel counters that substitution of offenses is impermissible and that the record is insufficient for review.

The license statutes show a close relationship between suspension and revocation. The same sections prescribe the punishment in the following situations: Revocation under the point system, suspension or revocation under the safety responsibility act, and suspension or revocation under the general penalty provisions of the operators' license act. §§ 39-7,133, 60-557, and 60-430, R. R. S. 1943. Under the operators' license act the privilege after suspension is not restored by lapse of time alone; it depends upon receipt of a new license. § 60-418, R. R. S. 1943; Tyrrell v. State, 173 Neb. 859, 115 N. W. 2d 459. Loss of privilege by suspension or revocation is determinable from records in the Department of Motor Vehicles. See § 60-421, R. R. S. 1943.

Procedure for amendment of a complaint on appeal is regulated by the following statutory provision: "The district court shall hear and determine * * * (the) cause * * * upon the original complaint, unless such complaint shall be found insufficient or defective, in which event the court, at any stage of the proceedings, shall order a new complaint to be filed * * *, and the case shall proceed thereon the same in all respects as if the original complaint had not been set aside." § 29-613, R. R. S. 1943.

Prior decisions have not resolved the problem of an amendment that alleges a new offense. In affirmance of a conviction a Supreme Court Commissioner said: "The amended complaint * * * charges the offenses more in detail, but does not essentially or materially alter the original charge." Ruffing v. State, 80 Neb. 555, 114 N. W. 583. Substitution of a new complaint for a lost one has been approved, but identity of offense was not an issue. See, Bays v. State, 6 Neb. 167; Lindley v. State, 117 Neb. 597, 221 N. W. 706. The standard of interpretation was set long ago in this language: "It is evident that, * * * no matter how utterly deficient the complaint * * * may be, even if totally wanting in the essential requisites to show the offense intended to be charged, the

prosecution will not be thwarted, but 'the court shall order a new complaint to be filed,' upon which the trial must proceed. * * * This section establishes a positive rule of practice * * *. And it does more than this—it furnishes a safe guide to the courts in matters of practice whenever a contingency shall arise, which, although not within the letter, is clearly within the spirit of the statute." Bays v. State, *supra*.

A trial de novo benefits the accused, and the provision for a new complaint serves as a balance. Nebraska has a stake in protecting not only the individual but the public also. We attempt no formula definition of the extent to which statutory policy authorizes the State to allege a new offense. A requirement of identity would be reasonable in some cases but unreasonable in others.

Distinctions between suspension and revocation in other contexts are often crucial. Two offenses possibly exist under rules concerning limitation of actions, but limitations operate within the ambit of the statute establishing the practice on appeal. See § 29-610, R. R. S. 1943. The gist of suspension and revocation is loss of privilege, and in that sense the proposed complaint tracked the original one. The close relationship leads us to the conclusion that amendment should have been permitted. We see no unjust prejudice to defendant.

The record is sufficient for review, although the State omitted to incorporate the proposed complaint into its request. The point concerning suspension and revocation was presented to the court. If the complaint is found insufficient or defective, "the court * * * shall order a new complaint to be filed * * *." § 29-613, R. R. S. 1943.

The district court erred in denying the request by the State and in dismissing the complaint on demurrer. The judgment is reversed and the cause remanded. See, § 29-2316, R. R. S. 1943; State v. Amick, 173 Neb. 770, 114 N. W. 2d 893.

REVERSED AND REMANDED.

BOSLAUGH, J., participating on briefs.