Gaweka v. State.

---

HENRY GAWEKA, JR., V. STATE OF NEBRASKA.

FILED JUNE 16, 1913. No. 17,826.

1. Indictment and Information: SUFFICIENCY. An information or complaint must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendment, nor by way of recital or inference, but must positively and explicitly state what the accused is called upon to answer.

2. ———: ———: RESISTING OFFICER. A complaint under section 30 of the criminal code for resisting a municipal officer while attempting to make an arrest without a warrant, which does not allege that the offense was committed within the limits of the municipality of such officer, is fatally defective.

ERROR to the district court for Thayer county: LESLIE G. HURD, JUDGE. Reversed.

Charles H. Sloan, Frank W. Sloan, J. J. Burke and J. T. McCuistion, for plaintiff in error.

Grant G. Martin, Attorney General, and Frank E. Edgerton, contra.

FAWCETT, J.

From a conviction in the district court for Thayer county, of a misdemeanor in resisting an officer, and a fine of $1, the accused, whom we will designate as defendant, has prosecuted error to this court.

The amended complaint, under which defendant was tried and convicted, charges that defendant "did unlawfully and wilfully resist, abuse, strike, and threaten to do bodily harm to the said M. O. Weidenheimer, village marshal of the village of Bruning, while the said officer was in the lawful performance of his duties as village marshal, and in the proper execution of his office; said Henry Gaweka, Jr., knowing said M. O. Weidenheimer to be village marshal of the village of Bruning, contrary to the form of statutes," etc.

The first point urged for reversal is that the complaint is insufficient, in that it does not allege where the offense was committed, further than to aver that it was in Thayer county. This point is well taken. It is conceded that the marshal did not have a warrant for the arrest of defendant, but it is alleged in the complaint that the arrest was attempted to be made "for disturbing the peace and attempting to provoke an assault, same being done in the presence of the said village marshal." As a village marshal the officer would have no authority, without a warrant, to make such arrest outside of the limits of his municipality. If he attempted to do so, defendant would be justified in resisting with all reasonable and necessary force. It will be observed that the complaint nowhere alleges that the offense was committed in the village of Bruning, of which the officer was the marshal. But it is said, the statement in the complaint that the marshal was in the performance of his usual duties as marshal of said village, and was in the lawful execution of his said office as village marshal, in making the arrest, is sufficient; that the officer could not lawfully arrest any one outside of the limits of his jurisdiction, and if he was in the law-

ful execution of his office he must have been within the limits of the village. In other words, we are asked to aid the complaint by construction or inference, and hold that an offense under section 30 of the criminal code has been alleged. This is not the law in this state. In *Moline v. State*, 67 Neb. 164, we held that an indictment or information "must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendment, nor by way of recital or inference, but must positively and explicitly state what the accused is called upon to answer." As far back as *Smith v. State*, 21 Neb. 552, we held: "A complaint must charge explicitly all that is essential to constitute the offense, and it cannot be aided by intendments." *Smith v. State* has since been cited with approval in numerous decisions of this court. In *Seifried v. Commonwealth*, 101 Pa. St. 200, it is held that "where the offense is statutory, and can be committed only in a certain municipal division, which is less than the county within the jurisdiction of the court, the name or description of such division, and the fact that the offense was committed therein, must be set forth in the indictment."

Under the authorities above cited, the information in this case is insufficient. The judgment of the district court is therefore reversed and the cause remanded.

REVERSED.

LETTON, ROSE and HAMER, JJ., not sitting.