STATE OF NEBRASKA, APPELLEE, v. RUBY C. HAILE, APPELLANT.

176 N. W. 2d 232

Filed April 10, 1970. No. 37341.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, Ruby C. Haile, was found guilty by a jury of operating a motor vehicle while under the influence of alcoholic liquor, and on a second count of abusing an officer while in the execution of his office. On Count I, the defendant was sentenced to pay a fine of $100 and her driver's license was suspended for 6 months. On Count II, the defendant was sentenced to 5 days in the Hall County jail.

The defendant's first assignment of error is that the evidence as to breathalizer tests was incompetent because the record did not show that the method or equipment had been approved by the Department of Health as provided by statute. Testimony by the State established that Captain Bacon, the officer administering the breathalizer tests, had a license issued by the State as

a breathalizer operator, and also identified the type and make of the test machine. The evidence does not affirmatively and directly show that the breathalizer method was approved by the Department of Health.

On direct testimony, Captain Bacon testified that an attempt to give a breathalizer test after the defendant's arrival at the police station was unsuccessful because the defendant did not blow sufficient breath into the equipment to permit any test analysis. The defendant's counsel, on cross-examination, elicited the fact that a second breathalizer test, taken more than an hour and a half after defendant's arrest showed .14 percent of alcohol. There was no objection to the introduction of any of the testimony with respect to the breathalizer tests, nor was the point raised in the motion for new trial.

It is obvious that the defendant cannot properly object to testimony as to test results when the defendant elicited the testimony. It is also apparent that if defendant was not satisfied with the foundation laid for the State's evidence and testimony as to breathalizer tests, objections should have been made at the time and on that ground. In the absence of objection in the trial court, a defendant may not be heard to complain of a lack of sufficient foundation for admission into evidence of the results of breathalizer tests. See Dietze v. State, 162 Neb. 80, 75 N. W. 2d 95, as to radar speed evidence. In addition, the issue was not raised in a motion for new trial and will not be considered now. See Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853. It should also be pointed out that there was ample evidence, entirely aside from any breathalizer test results, upon which the jury could and did find the defendant guilty on Count I.

There was also ample evidence to establish that the defendant verbally and physically abused the arresting officer, kicked him, and scratched his face. The defendant, however, now contends for the first time, that

the complaint as to Count II was fatally defective be-. cause it failed to specifically allege that the offense charged was committed within the limits of the City of Grand Island. It must be noted also that the count involves a statutory misdemeanor and that if the complaint is found insufficient or defective at any stage of the proceedings on appeal in the district court, the court shall order a new complaint to be filed. See, § 29-613, R. R. S. 1943; State v. Ruggiere, 180 Neb. 869, 146 N. W. 2d 373. Even in the case of a felony where an alleged defect in the information was not called to the attention of the trial court in the motion for new trial, this court has held that an information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted. Anderson v. State, 150 Neb. 116, 33 N. W. 2d 362.

The defendant relies on Gaweka v. State, 94 Neb. 53, 142 N. W. 287, decided in 1913. That case held that an information was insufficient if it did not allege that the offense of resisting a municipal officer was committed within the limits of the municipality of the officer. The complaint in the case now before us charged the statutory offense in the specific language of the statute, and that the offense occurred in Hall County, Nebraska. It also alleged that the named officer was abused "while in the execution of his office, of the Grand Island Police Department." The evidence established that the offense occurred in the City of Grand Island, and the jury was instructed that it was necessary for the State to prove that the crime occurred in the City of Grand Island. Any reasonable intendment would make it clear that Count II of the complaint alleged that the offense was committed in Grand Island, Nebraska. The defendant was fully apprised of the offense charged, and failed to challenge the complaint until this appeal. Even if the complaint be regarded as insufficient or defective, it was amendable at any stage of the proceedings in the

district court, but would not support a challenge for the first time on appeal.

A complaint charging a statutory misdemeanor substantially in the language of the statute, will be liberally rather than technically construed, and if a defect is amendable, it will be held sufficient on appeal in the absence of objection in the trial court. See, Buckley v. State, 131 Neb. 752, 269 N. W. 892; State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81. To the extent that Gaweka v. State, 94 Neb. 53, 142 N. W. 287, is in conflict, it is overruled.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.