STATE OF NEBRASKA, APPELLEE, V. RICHARD W. BLANKENBAKER, APPELLANT.

248 N. W. 2d 773

Filed January 5, 1977. No. 40850.

Andrew J. McMullen, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

In September of 1975 the defendant pled guilty to a charge of assaulting or resisting a law enforcement officer with a deadly or dangerous weapon and on November 12, 1975, was sentenced to a term of 2 years probation. On March 25, 1976, a motion to revoke the probation was filed, charging that the defendant had violated certain of the conditions of the probation order. On April 12, 1976, he entered a plea of guilty to violation of the conditions of probation and was sentenced on the original charge to a term of 1 year in the Nebraska Penal and Correctional Complex. He appeals. We affirm.

The issue argued before us is that defendant had been deprived of his constitutional right to effective assistance of counsel in the probation revocation and earlier proceedings. That issue arises in the following way. Following imposition of sentence in this case the defendant employed new counsel who filed his motion for a new trial. A hearing was held and that motion was overruled. In that hearing the defendant attacked the competency of counsel who had earlier represented him. His attack focuses on the claim that counsel was incompetent in that he permitted the defendant, on or about March 6, 1976, to enter pleas of nolo contendere in the county court on charges of (1) resisting and abusing an officer, and (2) public intoxication; that his counsel improperly advised him that a plea of nolo contendere could not be used against him in any other proceeding; and that the charges and the pleas of nolo contendere entered in the county court constituted the ba-

sis of the motion to revoke probation. The status of the charges in the county court following the nolo contendere pleas are not shown by the record.

It is apparent that the District Judge, in ruling on the motion for a new trial, viewed the issue as one of whether or not the plea of guilty to the charge of violating the terms of the probation was intelligently, knowingly, and voluntarily made. He found it was and overruled the motion. Although the motion for a new trial did not specifically ask that the defendant be granted leave to withdraw his plea of guilty, it is apparent that the District Judge regarded it as such and we believe that is the posture in which this case is to be placed.

The pertinent rules are: It is not proper for a trial judge to permit the withdrawal of a plea of guilty unless such withdrawal is necessary to correct a manifest injustice. State v. Evans, 194 Neb. 559, 234 N. W. 2d 199. A plea of guilty embodies a waiver of every defense to the charge whether procedural, statutory, or constitutional, except the defense that the information or complaint is not sufficient to charge an offense. State v. Abramson, *ante* p. 135, 247 N. W. 2d 59.

The record before us indicates that the evidence wholly supports the finding of the District Court that the plea of guilty to the charge of violation of the order of probation was voluntarily, knowingly, and intelligently made. The record does not establish that withdrawal of the plea is necessary to correct a manifest injustice.

AFFIRMED.