STATE OF NEBRASKA, APPELLEE, V.
BURLEY C. COLEMAN, APPELLANT.

311 N.W.2d 911

Filed October 30, 1981. No. 43839.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Burley C. Coleman, appeals from a judgment and order of the District Court for Douglas County, Nebraska, finding him guilty of attempted robbery and sentencing him to a term of 5 to 7 years in the Nebraska Penal and Correctional Complex. In seeking reversal of his conviction Coleman claimed that the amended information to which he entered a plea of nolo contendere failed to charge him with all of the essential statutory elements of attempted robbery and was therefore fatally defective.

Coleman's argument is indeed ingenious, and if the appeal is examined in a vacuum, as counsel would have us do, one might reach the conclusion urged by Coleman. An appeal of this nature, however, is not to be examined in a vacuum, but rather in light of all of the filings and proceedings in the case. When that is done it becomes apparent that the claim is without merit and must be rejected and the judgment and sentence affirmed.

Coleman was originally charged in a four-count information. Count I charged that on December 21, 1979, Coleman "did then and there forcibly, and by violence or by putting in fear, take money from Christine Daluge, with the intent to steal." Count II claimed that he used a firearm to commit the felony described in count I. Count III charged that on December 21, 1979, Coleman "did then and there attempt to forcibly and by violence, or by putting in fear, attempt to take money from *McDonald's Restaurant* with the intent to steal." (Emphasis supplied.) Count IV charged Coleman with using a firearm to commit the felony set out in count III. A preliminary hearing was held in the municipal court for the city of Omaha and Coleman was bound over to the District Court for Douglas County on all four counts.

In the District Court Coleman filed a plea in abatement, maintaining that the evidence in the municipal court was insufficient to support a finding of probable cause to believe that a crime was committed. Based upon a review of the entire record made in the municipal court, the trial court overruled the plea in abatement. Thereafter, on July 16, 1980, Coleman appeared in the District Court with his attorney and, pursuant to a plea bargain, entered a plea of nolo contendere to a single count of robbery, the State agreeing to dismiss the other charges. For reasons which the record does not disclose, counts I, II, and IV were dismissed and count III was retained as the count to which Coleman entered his plea of nolo contendere. Count III charged that Coleman did, on December 21st, "forcibly and by violence, or by putting in fear, attempt to take money from McDonald's Restaurant with the intent to steal." It is by reason of that amended information to which Coleman entered a plea of nolo contendere that he now contends the charges should be dismissed. His argument is simply that the amended information fails to set out all of the essential elements of robbery, in violation of Neb. Rev. Stat. § 28-324 (Reissue 1979), in that the information fails to disclose the name of the person against whom the crime was committed. Under the provisions of the Nebraska robbery statute, § 28-324, a person commits robbery if, (1) with the intent to steal, (2) he forcibly and by violence, or by putting in fear, (3) takes from the person of another any money or personal property of any value whatever.

Coleman argues that because the amended complaint contained only the name "McDonald's Restaurant" and not the employee's name, one of the essential elements of the crime of robbery was omitted and the complaint is fatally defective to the extent that a subsequent plea does not constitute a waiver. While it is true, as urged by Coleman, that we have held that defects or omissions in the indictment or information which are of such a fundamental character as to make the indictment

wholly invalid are not subject to waiver (see *In re Interest of Durand*, 206 Neb. 415, 293 N.W.2d 383 (1980)), we have further held that an information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted. See, *State v. Lingle, ante* p. 492, 308 N.W.2d 531 (1981); *State v. Haile*, 185 Neb. 421, 176 N.W.2d 232 (1970).

We have also previously pointed out the difference between a fundamental defect in an information which may not be waived and a mere technical defect which is waived by a plea. In *Nelson v. State*, 167 Neb. 575, 581, 94 N.W.2d 1, 5 (1959), we said: "'It is the general rule that defects or omissions in the indictment or in the mode of finding the indictment, which are of such a fundamental character as to make the indictment wholly invalid, are not subject to waiver by the accused. * * * But it is equally the general rule that defects and omissions which run only to the form in which the various elements of the offense are stated, or to the fact that the pleading is [inartfully] drawn, are waived by not objecting thereto in some appropriate manner in the preliminary stages of the proceeding, or, as to some matters, before determination of the issue on the merits.'"

We have also held that a complaint or information is fatally defective only if its allegations can be true and still not charge a crime. See *Phillips v. State*, 154 Neb. 790, 49 N.W.2d 698 (1951). Either the omission of the employee's name was a defect apparent on the face of the complaint or the insertion of the name "McDonald's Restaurant," absent further extrinsic evidence, was sufficient to allege the charge of robbery.

If the defect was apparent on its face, the appropriate manner to attack the amended complaint would have been by a motion to quash. Neb. Rev. Stat. § 29-1808 (Reissue 1979) provides: "A motion to quash may be made in all cases when there is a defect apparent

upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." The effect of failing to object, as provided for in § 29-1808, is as provided for by Neb. Rev. Stat. § 29-1812 (Reissue 1979) which states: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue." See, also, *State v. Workman*, 186 Neb. 467, 183 N.W.2d 911 (1971). Coleman's plea of nolo contendere to the amended charge was the equivalent of a plea of guilty and as such waives every defense to the charge, whether the defense is procedural, statutory, or constitutional. See *State v. Country*, 202 Neb. 509, 276 N.W.2d 110 (1979).

On the other hand, the name "McDonald's Restaurant," absent other evidence, does not on its face reveal that "McDonald's Restaurant" is not the name of a person but, rather, is the name of a corporation. To make that determination we must resort to other evidence in the record, including the arraignment and plea hearing. Once we do that, it is apparent the defect is not a fundamental defect which could not be waived by a plea.

The original information filed in this case clearly set out all of the necessary elements and, in the various counts, advised Coleman of the charges against him. Following his entry of a plea of nolo contendere, the record made in both the municipal court and District Court clearly establishes that all the facts necessary to sustain the conviction resulting from Coleman's plea, including the name of the employee of McDonald's Restaurant, were made known to Coleman. He was not in any manner misled or ill-advised as to the nature of the charge. The use of the term "McDonald's Restaurant" may have been inartful, but it was not so defective as to render the conviction void. It was clear that the money was taken from an employee of McDonald's Restaurant and not from an inanimate cor-

poration, and Coleman was aware of these facts before he entered his plea. We believe that when the entire record is examined, including the original information and the evidence presented at the hearing, there is not a fatal defect of the type that could not be waived by entering a plea. Coleman, by entering the plea, waived any such defect which may have existed. The conviction and sentence of the trial court must be affirmed.

AFFIRMED.