JANE W. BEEDER, APPELLEE, V.
GORDON H. FLEER, APPELLANT.

318 N.W.2d 708

Filed April 16, 1982. No. 43989.

Schmid, Ford, Mooney & Frederick, for appellant.

Stephen L. Gerdes of Matthews & Cannon, P.C., for appellee.

Heard before BOSLAUGH, MCCOWN, and HASTINGS, JJ., and QUIST, D.J., and RONIN, D.J., Retired.

RONIN, D.J., Retired.

Jane W. Beeder (Jane), plaintiff and appellee herein, brought this action in the District Court of

Douglas County, Nebraska, against Gordon H. Fleer (Fleer), the defendant-appellant, to recover for personal injuries and property damage to her automobile received from a motor vehicle collision on September 19, 1979, between automobiles being driven by the said parties. At the time of the accident Jane was insured by the United Services Automobile Association (USAA), which insurance policy also included collision property insurance coverage on Jane's automobile. Fleer's automobile was covered by a liability insurance policy issued by Allstate Insurance Company (Allstate).

On November 9, 1979, Allstate received from USAA a demand for reimbursement in the sum of $1,655.89, representing the amount of its subrogated interest resulting from USAA's payment to Jane for damages to her automobile resulting from the collision with Fleer's automobile. On November 9, 1979, Allstate paid USAA by draft the sum of $1,655.89, the amount of the subrogation claim of USAA. Jane's action was filed thereafter on December 7, 1979. Shortly before jury trial in October 1980 the defendant admitted liability for the accident. There is no evidence in the record that either party's counsel had knowledge prior to trial of the payment by Allstate to USAA of its subrogated interest in Jane's claim for property damage against Fleer to the extent of the amount of the payment that USAA had paid Jane.

The evidence at trial was that the actual property damage to Jane's car was the sum of $1,709.34, which was slightly more than USAA's subrogated claim to Allstate in the sum of $1,655.89. The jury was instructed by the trial court to include in its verdict against Fleer the sum of $1,709.34 for the property damage to Jane's automobile. The jury thereafter returned a verdict for Jane against Fleer in the sum of $3,500 for all of Jane's damages. The trial court having instructed the jury that Jane was en-

titled to recover for damages to her car, the verdict necessarily included a sum for damages to her car.

Following the trial, Allstate paid the sum of $1,947.31 to the clerk of the District Court. This amount is the difference between the actual judgment and costs and the amount that Allstate had previously paid USAA by reason of its subrogated interest in having paid Jane for the property damage to her automobile. The defendant Fleer did not file a motion for a new trial but instead asserted his right to credit for the previous payment to Jane's subrogated insurance carrier, USAA, in his motion to discharge the judgment. The hearing held on the defendant's motion to discharge the judgment for the reason that it was paid in full was not an evidentiary hearing. The trial court, in its order denying the defendant's motion to discharge the judgment, stated its reason for so ruling "on grounds that payment made by defendant's insurance carrier to plaintiff's collision carrier before suit filed (and not disclosed before case submitted to jury to plaintiff, plaintiff's counsel, or defendant's counsel) was not an advance payment written [sic] meaning of Section 25-1222.01. *Plaintiff's counsel acknowledges subrogation right of plaintiff's collision carrier.*" (Emphasis supplied.)

Thereafter the defendant filed a "motion for rehearing and reconsideration." On the rehearing the defendant offered an affidavit of an employee of Allstate which related facts of the provisions of its insurance policy to the defendant and its liability coverage of the accident, and that Allstate received a demand from USAA for reimbursement of its subrogation interest resulting from its having paid Jane's claim for property damage to her automobile. A copy of the Allstate draft payable to USAA in the sum of $1,655.89 in payment of the subrogation claim of USAA was attached as exhibit A to the affidavit. The affiant further stated that upon his in-

formation and belief the USAA "did pay to or on behalf of the plaintiff herein the sum of $1,655.89 in payment of the damages to the plaintiff's automobile sustained as a result of the accident which is the subject matter of this action," that payment by Allstate to USAA was subsequent to the time USAA had paid plaintiff, and that by reason of its subrogation interest Allstate was legally obligated to pay USAA. The trial court, over the objection of the plaintiff, received the affidavit into evidence. No evidence was adduced by the plaintiff. The court, in its order denying the defendant's motion for rehearing and reconsideration, refers to the facts contained in the affidavit admitted in evidence but held again that Allstate's payment to USAA "was not an 'accomodation' [sic] to plaintiff herein, nor a payment on plaintiff's behalf."

The appellee first contends that the decision of the trial court should be affirmed because appellant did not file a bill of exceptions containing the evidence adduced at the hearing on the motion to discharge the judgment. We reject this contention for two reasons. The first is that while no record was made as to any evidence adduced at this hearing, there is a finding of the trial court, in its written order denying the motion, that payment was made by the defendant's insurance carrier to plaintiff's collision carrier before suit was filed. The second reason that this contention of the appellee is not valid is the bill of exceptions that was made by the appellant of the hearing on his motion for rehearing and reconsideration.

We find no real factual dispute between the parties in the record. The trial court's orders overruling the appellant's motions after the verdict were based upon a disputed issue of law and not of fact. Where the transcript and record filed with this court are sufficient to present all issues before the court and the case is one for determination solely on matters

contained therein, no further bill of exceptions is required for preservation of any error of law on appeal. *Progressive Design, Inc. v. Olson Bros. Manuf. Co.,* 190 Neb. 208, 206 N.W.2d 832 (1973).

The sole remaining issue raised in this appeal is whether or not the appellant is entitled to credit for the $1,655.89 payment made prior to trial to the assignee or subrogee insurance company, USAA, by Allstate on the appellee's judgment. The appellant relies, in his claim to this credit, upon the statutory authority provided in Neb. Rev. Stat. § 25-1222.01 (Reissue 1979), which states: "No advance payments or partial payment of damages made by an insurance company or other person, firm, trust, or corporation as an accommodation to an injured person or on his behalf to others or to the heirs at law or dependents of a deceased person made under any liability insurance policy, or other voluntary payments made because of an injury, death claim, property loss, or potential claim against any insured or other person, firm, trust, or corporation thereunder shall be construed as an admission of liability by the insured or other person, firm, trust or corporation, or the payer's recognition of such liability, with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event. Any such payments shall constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured or deceased person. In the event of a trial involving such a claim, the fact that such payments have been made shall not be admissible in evidence or brought to the attention of the jury, and the matter of any credit to be deducted from a judgment shall be determined by the court in a separate hearing or upon the stipulation of the parties."

The legislative history of this statute discloses that the original statute was amended to add the words "property loss," so that an insurance company

might pay benefits for damages to automobiles as well as for personal injuries and death claims without prejudicing its rights or without an admission of liability, and that it was in the public interest for the injured party to be accommodated in receiving payment for such property loss or medical bills before a complete settlement of the claim for injuries has been determined. The statute expressly provides that any such payment prior to a trial involving such a claim is not admissible during the jury trial. The matter of any credit to be deducted from a judgment shall be determined by the court in a separate hearing or upon the stipulation of the parties. This is the procedure that was followed by the appellant herein.

In this case the liability of the appellant was admitted and there was no dispute as to the amount of the property damage to the appellee's automobile. Under these circumstances it was necessary for Allstate as appellant's insurer to promptly settle the property damage portion of the appellee's claim. Neb. Rev. Stat. § 44-1525 (Reissue 1978).

After receiving notice from USAA that the appellee's claim for property damage to her automobile had been assigned or subrogated to it, Allstate was under a legal obligation to make payment to USAA and not to the appellee even though the action was pending in the name of the appellee, for the reason that USAA was then the real owner of the property damage claim for damages to appellee's automobile by reason of its subrogated interest.

The trial court held that Allstate was not entitled to credit for its previous payment to the appellee's subrogated or assigned insurance company, USAA. The reason given for its ruling was that this was not a payment made on appellee's behalf or as an accommodation to appellee under § 25-1222.01.

We find that this statute expressly includes payments "made under any liability insurance policy"

and payments "made by an insurance company." With reference to those persons to whom such payments are made prior to trial, the statute includes not only "an injured person" but also *"on his behalf to others."* (Emphasis supplied.) We hold that the trial court was in error to construe this language to exclude payments made to a subrogee or assignee of the injured person. This construction of the statute would require the appellant's insurance company to make two payments for the property damage in this case, including not only the prior payment that Allstate was legally obligated to make to USAA, but also payment to the appellee on the judgment rendered. We believe that the language and the intent of § 25-1222.01, which provides that an insurance company is entitled to credit on any judgment rendered against an insured for any payments or partial payment of claimed damages made on behalf of such party to an injured person *or on his behalf to others,* includes an assignee or subrogee of such injured person.

REVERSED AND REMANDED WITH DIRECTIONS TO DISCHARGE THE JUDGMENT.