STATE OF NEBRASKA, APPELLEE, v. CINDY J. BUROW, APPELLANT.
394 N.W.2d 665

Filed October 10, 1986.    No. 86-280.

Kirk E. Naylor, Jr., for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

The defendant, Cindy J. Burow, appeals from an order revoking her probation and committing her to the Nebraska Department of Correctional Services for a period of 13 months to 3 years. We affirm.

On March 29, 1984, the defendant was convicted of possession of a firearm by a felon, a Class IV felony. On April 2, 1984, she was sentenced to 2 years' probation. On February 27, 1986, the Richardson County attorney filed an application to revoke probation which alleged seven probation violations. At a hearing on the application on March 21, 1986, the district court judge informed the defendant of the following: her right to a hearing on the application, her right to be present and cross-examine witnesses, her right to present witnesses, and her right to be represented by counsel. He also informed her that admitting the motion could result in revocation of her probation and the institution of the maximum sentence for the crime for which she was put on probation. He did not inform her of a right to remain silent.

The defendant "pled guilty" to the first six allegations, waiving her right to a hearing, and her probation was revoked.

The defendant's only assignment of error is that the record does not show that the plea was intelligent and voluntary, since the defendant was not informed of her privilege against self-incrimination. *State v. Irish, ante* p. 814, 394 N.W.2d 879 (1986). She does not allege that her admission was used to incriminate her in a subsequent criminal proceeding and challenges only the use of her admission to revoke probation.

The defendant was informed of all of the rights afforded her in a motion to revoke probation under Neb. Rev. Stat. § 29-2267 (Reissue 1985). Notice of a right to remain silent is not required under this statute. In *State v. Kartman*, 192 Neb.

803, 224 N.W.2d 753 (1975), this court adopted the due process requirements for probation revocation established in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), which adapted the process due in parole revocation proceedings set out in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), to probation hearings. Neither case endorses a right to notice of the privilege against self-incrimination in probation revocation proceedings.

Both the Nebraska Constitution and the U.S. Constitution provide that no one shall be compelled, *in any criminal case*, to give evidence against himself or herself. U.S. Const. amend. V; Neb. Const. art. I, § 12. However, probation revocation hearings are not criminal proceedings. Admitting to violating probation is not admitting to a crime. *Minnesota v. Murphy*, 465 U.S. 420, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984); *Gagnon v. Scarpelli, supra*. The U.S. Supreme Court has explained the limits of the privilege in probation revocation hearings as follows:

> [T]he privilege [would not] be available on the ground that answering such questions might reveal a violation . . . and result in the termination of probation. Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. [Citations omitted.] Just as there is no right to a jury trial before probation may be revoked, neither is the privilege against compelled self-incrimination available to a probationer. . . . [T]here can be no valid claim of the privilege on the ground that the information sought can be used in revocation proceedings.
>
> Our cases indicate, moreover, that a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination. . . .

*Minnesota v. Murphy, supra* at 435-36 n.7.

The admission by the defendant of the facts alleged in the motion to revoke was not a criminal guilty plea, just as the result was not a new conviction but, rather, a change in

probationary status with respect to a previous conviction. *State v. Painter, ante* p. 808, 394 N.W.2d 292 (1986). To the extent that *State v. Blankenbaker*, 197 Neb. 344, 248 N.W.2d 773 (1977), suggests that an admission of violation of probation is a guilty plea, that holding is hereby disapproved.

The alleged error is without merit. The trial court's order is affirmed.

AFFIRMED.

GRANT, J., participating on briefs.