STATE OF NEBRASKA, APPELLANT, V. RONALD R. GOLGERT,
APPELLEE.

395 N.W.2d 520

Filed October 24, 1986.    No. 86-240.

Gary C. Anderberg, Adams County Attorney, for appellant.

James D. Smith of Brock, Seiler & Smith, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

PER CURIAM.

The complaint filed in the county court for Adams County charged Ronald R. Golgert with violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984), which provides in part:

It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or when that person has ten-hundredths of one per cent or more by weight of alcohol in his or her body fluid as shown by chemical analysis of his or her blood, breath, or urine.

The complaint itself charged that Golgert did

operate or have actual physical control of a motor vehicle while under the influence of alcoholic liquor or any drug or while having ten-hundredths of one per cent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath or urine . . . .

On Golgert's nolo contendere plea the county court found Golgert guilty of the offense of drunk driving, that is, Golgert's violation of § 39-669.07, and sentenced him to probation for 1 year. In his appeal to the district court, Golgert for the first time claimed that the complaint in county court was insufficient because the complaint did not allege that Golgert drove on a public highway. The district court reversed the county court judgment and remanded Golgert's case for a new trial. As provided by Neb. Rev. Stat. § 29-2315.01 (Reissue 1985), the Adams County attorney filed an application for appeal to this court, alleging that the district court "erred in finding that the Complaint for Driving Under the Influence must allege that [such offense] occurred on a public street or highway," and asserting that the complaint was sufficient because the site of the alleged violation of § 39-669.07 is not an element of the crime charged. After reviewing the State's application the district court authorized appeal to this court, acknowledging that the complaint filed in the county court, as a part of the record, was "adequate for proper consideration" of the question on appeal. There is no bill of exceptions as a part of the record for the State's appeal.

The issue before us is whether or not a complaint, charging a

defendant with a violation of § 39-669.07, must allege that the defendant operated or was in actual physical control of a motor vehicle on a public highway.

Before we answer the question concerning the district court's judgment, we address two other questions pertinent to the State's appeal.

First, Golgert contends the absence of a bill of exceptions results in a record insufficient for appellate review of the district court's judgment. In the absence of a bill of exceptions, the Supreme Court examines and considers only the pleadings in conjunction with the judgment reviewed. See, *Collins v. Baker's Supermarkets, ante* p. 365, 389 N.W.2d 774 (1986); *Pabst v. First American Distrib., Inc.*, 222 Neb. 591, 386 N.W.2d 422 (1986); *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983). When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. See, *Beeder v. Fleer*, 211 Neb. 294, 318 N.W.2d 708 (1982); *Progressive Design, Inc. v. Olson Bros. Manuf. Co.*, 190 Neb. 208, 206 N.W.2d 832 (1973). The ultimate question raised in the State's appeal involves sufficiency of the complaint filed against Golgert. Sufficiency of that complaint presents a question of law, making a bill of exceptions unnecessary for disposition of the issue presented by the State's appeal.

Next, the State argues that Golgert, by his nolo contendere plea, has waived any defect of the complaint regarding the omitted allegation that operation or actual physical control occurred on a public highway, and directs our attention to Neb. Rev. Stat. § 29-1812 (Reissue 1985): "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue."

As we stated in *State v. Blankenbaker*, 197 Neb. 344, 346, 248 N.W.2d 773, 775 (1977): "A plea of guilty embodies a waiver of every defense to the charge whether procedural, statutory, or constitutional, except the defense that the information or complaint is not sufficient to charge an

offense." See, also, *State v. Abramson*, 197 Neb. 135, 247 N.W.2d 59 (1976). To be sure, notwithstanding a guilty or nolo contendere plea, on appeal a defendant may raise the issue that the formal charge filed, such as an indictment, information, or complaint, fails to allege an essential element of a crime. See, *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985); *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959). "Defects or omissions in indictments or informations which are of such a fundamental character as to make the indictment wholly invalid are generally not subject to waiver by the accused." *In re Interest of Durand. State v. Durand*, 206 Neb. 415, 417, 293 N.W.2d 383, 385 (1980). See, also, *State v. Coleman*, 209 Neb. 823, 311 N.W.2d 911 (1981). "[A]n information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted." *State v. Haile*, 185 Neb. 421, 423, 176 N.W.2d 232, 234 (1970). See, also, *State v. Bargen, supra; State v. Coleman, supra; Nelson v. State, supra*.

" 'To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent.' " *State v. Banse*, 184 Neb. 534, 537, 169 N.W.2d 294, 296 (1969). See, also, *Nelson v. State, supra; State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981); *State v. Scott*, 206 Neb. 451, 293 N.W.2d 114 (1980).

> We have repeatedly held that where an indictment or information sets forth the crime in the language of the statute or the equivalent thereof, it is sufficient. . . .

> Additionally, we have held that for an information to be sufficient it must "inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution for the same offense."

*State v. McGee*, 221 Neb. 557, 559, 378 N.W.2d 674, 676 (1985). See, also, *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984); *State v. John*, 213 Neb. 76, 328 N.W.2d 181 (1982).

"[W]hile it is generally sufficient to allege the crime in the language of the statute, it is not necessary to state the detailed particulars of the crime in the meticulous manner prescribed by the common law." *State v. Last*, 212 Neb. 596, 601, 324 N.W.2d 402, 405 (1982). See, also, *State v. Piskorski, supra; Cowan v. State*, 140 Neb. 837, 2 N.W.2d 111 (1942).

Section 39-669.07 does not contain the phrase "on a public highway." However, there are three additional and pertinent statutes which must be read with § 39-669.07. "Sections 39-601 to 39-6,122 shall be known and may be cited as the Nebraska Rules of the Road." Neb. Rev. Stat. § 39-6,122 (Reissue 1984). Neb. Rev. Stat. § 39-603(1) (Reissue 1984) states:

> The provisions of sections 39-601 to 39-6,122 relating to operation of vehicles refer exclusively to operation of vehicles upon highways except where a different place is specifically referred to in a given section, but the provisions relative to careless driving and to reckless driving shall apply upon highways and anywhere throughout the state.

Neb. Rev. Stat. § 39-602(32) (Reissue 1984), as a definitional section for the Nebraska Rules of the Road, provides: "Highway shall mean the entire width between the boundary limits of any street, road, avenue, boulevard, or way which is publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

By reading §§ 39-602(32) and 39-603(1) in conjunction with § 39-669.07, it is clear that the Nebraska Rules of the Road, of which the drunk driving statute, § 39-669.07, is but one section, apply to operation of a motor vehicle on a public highway. Section 39-603(1) makes "on a public highway" a part of every one of the Nebraska Rules of the Road and, therefore, part of § 39-669.07 for the purpose of proof required to sustain a conviction for violation of § 39-669.07. Nevertheless, the essential elements of driving under the influence of alcohol are contained in the language of § 39-669.07: (1) the operation or actual physical control (2) of any motor vehicle (3) while under the influence of alcoholic liquor or of any drug or when that person has ten-hundredths of 1 percent or more by weight of alcohol in his or her body fluid as shown by chemical analysis of

his or her blood, breath, or urine. The language "on a public highway" is not contained in the statute creating and defining the crime, and therefore is not an element of the crime which must be alleged in the complaint. The complaint in the present case has no defect making the complaint insufficient to charge a crime under § 39-669.07.

We find, therefore, that the complaint charging Golgert, setting forth the crime in the language of § 39-669.07, was sufficient to prosecute Golgert for drunk driving. The exception is sustained, and we remand this cause to the district court with direction to reinstate and affirm the county court's judgment of conviction and sentence.

EXCEPTION SUSTAINED, AND CAUSE
REMANDED WITH DIRECTION.