STATE OF NEBRASKA, APPELLEE, V. TRACY L. SITES, APPELLANT.

437 N.W.2d 166

Filed March 24, 1989.   No. 88-653.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and KNAPP and ROWLANDS, D. JJ.

SHANAHAN, J.

Tracy L. Sites appeals from the judgment of the district court for Adams County, which affirmed the judgment of the county court for Adams County, revoking Sites' probation. Sites claims that the State violated his right to remain silent and compelled him to testify at the revocation hearing concerning probation violations.

On October 14, 1983, in the county court for Adams County, Sites pled guilty to drunk driving, acknowledging two prior

convictions for drunk driving, see Neb. Rev. Stat. § 39-669.07 (Reissue 1988), and also pled guilty to operating a motor vehicle during the period when his operator's license was suspended, see Neb. Rev. Stat. § 60-430.01 (Reissue 1988). After Sites' convictions for DWI and driving under suspension, the court, on January 5, 1984, sentenced Sites to 5 years' probation and ordered that Sites obtain and maintain Antabuse therapy administered at the South Central Community Mental Health Center. The probation order also required Sites' attendance at weekly "AA" meetings and proof of attendance delivered to Sites' probation officer. By its information filed on February 20, 1987, the State charged that Sites failed to maintain the Antabuse therapy and failed to attend the AA meetings and supply his probation officer with proof of attendance at the meetings.

At the revocation hearing, the State called Sites as a witness to establish his noncompliance with the probation order concerning Antabuse and the AA meetings. Over Sites' objection that his compelled testimony violated his constitutional right to remain silent, the State interrogated Sites about his failure to fulfill the probation conditions pertaining to Antabuse and AA meetings. Immediately after Sites testified, the State called Sites' probation officer, who testified that Sites had not attended AA meetings for the period from January through July in 1987 and that Sites admitted his failure to maintain Antabuse therapy as required by the probation order. The court found that Sites had violated the probation order and sentenced Sites to imprisonment in the county jail as the result of the convictions for DWI and driving under suspension.

The right to remain silent, that is, the privilege against self-incrimination guaranteed by the 5th and 14th amendments to the U.S. Constitution and article I, § 12, of the Nebraska Constitution, prevents the State's compelling a defendant to testify in his or her own prosecution on a criminal charge and prohibits an individual's compulsory answer to an official question in any proceeding, civil or criminal, formal or informal, when the answer might incriminate the individual in a future criminal proceeding. *Lefkowitz v. Turley*, 414 U.S. 70,

94 S. Ct. 316, 38 L. Ed. 2d 274 (1973).

If the State calls a defendant as a witness at a hearing for revocation of the defendant's probation, the defendant's constitutional right to remain silent is not violated, since a revocation of probation is not a stage of prosecuting a defendant on a criminal charge and because the defendant's admission of a probation violation is not necessarily an admission of a crime committed by the defendant. *State v. Burow*, 223 Neb. 867, 394 N.W.2d 665 (1986); *Minnesota v. Murphy*, 465 U.S. 420, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). At a hearing for revocation of probation, the State may call the defendant probationer to testify regarding a probation violation so long as the State does not compel the probationer to incriminate himself or herself concerning a separate criminal offense. *State v. Heath*, 343 So. 2d 13 (Fla. 1977); *Wilson v. State*, 621 P.2d 1173 (Okla. Crim. 1980); *Beller v. State*, 597 P.2d 338 (Okla. Crim. 1979).

Sites' failure to take Antabuse and failure to attend AA meetings were not separate crimes, but violations of the conditions under which Sites was sentenced to probation. Calling Sites to testify regarding the probation violations did not violate his privilege against self-incrimination guaranteed by the 5th and 14th amendments to the U.S. Constitution, or article I, § 12, of the Nebraska Constitution.

AFFIRMED.