AMY J. BROCKHAUS, APPELLANT,
v. MARK R. LAMBERT, APPELLEE.
608 N.W. 2d 588

Filed April 7, 2000.   No. S-98-1302.

Douglas R. Milbourn and Jason D. Mielak, of Milbourn, Fehringer, Kessler & Peetz, P.C., for appellant.

Douglas L. Kluender, of Wolfe, Snowden, Hurd, Luers & Ahl, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
### FACTUAL AND PROCEDURAL BACKGROUND
Appellant, Amy J. Brockhaus, was injured in a two-automobile accident with appellee, Mark R. Lambert. Brockhaus sued Lambert and was awarded a judgment of $104,500. Lambert then filed a "Motion for Determination of Setoff/Credit," alleging that the sum of $5,000 had already been paid to Brockhaus by Lambert's insurer, Allied Mutual Insurance Company (Allied

Mutual), and asking that this sum be credited against the judgment.

Christopher Heinrich, a litigation specialist for Allied Mutual, averred in an affidavit that Brockhaus had been compensated for medical expenses resulting from the accident in the amount of $5,000 by her insurer, AMCO Insurance Group (AMCO), and that Allied Mutual had reimbursed AMCO for those expenses. In response, Brockhaus claimed that Lambert was not entitled to a setoff because AMCO and Allied Mutual were both subsidiary corporations of Allied Group, Inc. (Allied Group), and should be treated as the same company for purposes of Lambert's motion. Brockhaus argued that if AMCO and Allied Mutual were, in fact, the same company, then Lambert's motion should be denied because an insurance company cannot assert a subrogation interest against its own insured.

The parties stipulated that AMCO and Allied Mutual were subsidiaries of Allied Group. The parties further stipulated that Allied Group, Allied Mutual, and AMCO all operated from the same office building; shared the same street address and post office box number; shared the same telephone number; had the same officers serving as president, secretary, and treasurer; and had overlapping directors. The record also reflects that correspondence from both AMCO and Allied Mutual carried the Allied Group logo on the letterhead.

Although the district court acknowledged that AMCO and Allied Mutual were subsidiaries of Allied Group, the district court determined, "in consideration of the existing record[,] that AMCO owed no contractual duty to [Lambert] and, conversely, that Allied Mutual owed no contractual duty whatsoever to [Brockhaus]." The district court determined that the $5,000 payment from Allied Mutual to AMCO served to satisfy AMCO's subrogation interest and that the payment constituted a credit toward the judgment pursuant to Neb. Rev. Stat. § 25-1222.01 (Reissue 1995). The district court sustained Lambert's motion and Brockhaus appeals.

## ASSIGNMENT OF ERROR

Brockhaus assigns that the district court erred in sustaining Lambert's "Motion for Determination of Setoff/Credit."

## STANDARD OF REVIEW

■ This appeal presents questions of law. See *Beeder v. Fleer*, 211 Neb. 294, 318 N.W.2d 708 (1982). On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower court. *Elsome v. Elsome*, 257 Neb. 889, 601 N.W.2d 537 (1999); *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999).

## ANALYSIS

Lambert was awarded a credit toward the judgment pursuant to § 25-1222.01, which provides:

> No advance payments or partial payment of damages made by an insurance company or other person, firm, trust, or corporation as an accommodation to an injured person or on his behalf to others or to the heirs at law or dependents of a deceased person made under any liability insurance policy, or other voluntary payments made because of an injury, death claim, property loss, or potential claim against any insured or other person, firm, trust, or corporation thereunder shall be construed as an admission of liability by the insured or other person, firm, trust, or corporation, or the payer's recognition of such liability, with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event. *Any such payments shall constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured or deceased person.* In the event of a trial involving such a claim, the fact that such payments have been made shall not be admissible in evidence or brought to the attention of the jury, and the matter of any credit to be deducted from a judgment shall be determined by the court in a separate hearing or upon the stipulation of the parties.

(Emphasis supplied.)

■ In *Beeder v. Fleer, supra*, an automobile accident case, the plaintiff's insurer compensated the plaintiff for the damage to her automobile. The plaintiff's insurer, as subrogee, then demanded reimbursement from the defendant's insurer. That reimbursement was paid. Subsequently, the plaintiff won a judg-

ment against the defendant, and the defendant moved for a credit pursuant to § 25-1222.01 for the payment made from the defendant's insurer to the plaintiff's insurer. The trial court denied the motion, and the defendant appealed. This court reversed, determining that

> this statute expressly includes payments "made under any liability insurance policy" and payments "made by an insurance company." With reference to those persons to whom such payments are made prior to trial, the statute includes not only "an injured person" but also *"on his behalf to others."* . . . We hold that the trial court was in error to construe this language to exclude payments ,made to a subrogee or assignee of the injured person. This construction of the statute would require the appellant's insurance company to make two payments for the property damage in this case, including not only the prior payment that [defendant's insurer] was legally obligated to make to [plaintiff's insurer], but also payment to the appellee on the judgment rendered. We believe that the language and the intent of § 25-1222.01, which provides that an insurance company is entitled to credit on any judgment rendered against an insured for any payments or partial payment of claimed damages made on behalf of such party to an injured person *or on his [or her] behalf to others*, includes [sic] an assignee or subrogee of such injured person.

(Emphasis in original.) *Beeder v. Fleer*, 211 Neb. at 299-300, 318 N.W.2d at 711.

In the instant case, then, Lambert is entitled to a credit under *Beeder v. Fleer, supra*, if the $5,000 payment from Allied Mutual to AMCO was made, because Allied Mutual was legally obligated to satisfy AMCO's valid subrogation interest in any recovery by Brockhaus from Lambert. The initial question, therefore, is whether AMCO had a valid subrogation interest in Brockhaus' recovery.

     Subrogation is the substitution of the subrogee, who is not a volunteer, for the subrogor as a result of the subrogee's payment of a debt owed to the subrogor so that the subrogee succeeds to the subrogor's right to recover the amount paid by the subrogee. See *Krohn v. Gardner*, 248 Neb. 210, 533 N.W.2d

95 (1995). In the absence of a valid contractual provision or statute to the contrary, an insurer may exercise its right of subrogation only when the insured has obtained an amount that exceeds the insured's loss. *Ploen v. Union Ins. Co.*, 253 Neb. 867, 573 N.W.2d 436 (1998), quoting *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993).

The record indicates that the $5,000 payment from AMCO to Brockhaus was made to compensate her for medical expenses. Lambert, as the moving party, has the burden to show that Allied Mutual's reimbursement of AMCO was made to satisfy a valid subrogation right. In order to demonstrate that AMCO had a valid subrogation right, Lambert must show that either (1) Brockhaus has obtained an amount that exceeds her loss or (2) a statutory or contractual provision nonetheless provides a right of subrogation. The relevant statutory provision is Neb. Rev. Stat. § 44-3,128.01 (Reissue 1998), which states:

> A provision in an automobile liability policy or endorsement which is effective in this state and which grants the insurer the right of subrogation for payment of benefits under the medical payments coverage portion of the policy shall be valid and enforceable, except that if the claimant receives less than actual economic loss from all parties liable for the bodily injuries, subrogation of medical payments shall be allowed in the same proportion that the medical expenses bear to the total economic loss. For purposes of this section, it shall be conclusively presumed that any settlement or judgment which is less than the policy limits of any applicable liability insurance coverage constitutes complete recovery of actual economic loss.

The difficulty is that Lambert, in support of his motion, offered into evidence neither the insurance policy issued by AMCO to Brockhaus nor the insurance policy issued to Lambert by Allied Mutual. Consequently, we cannot determine whether or not Brockhaus' insurance policy permits AMCO a subrogation right in any recovery by Brockhaus. Furthermore, the record does not contain evidence by which it can be determined that Brockhaus was fully compensated for her loss. Absent such evidence, it is clear that Lambert did not sustain his burden of

proving that AMCO had a valid right of subrogation in Brockhaus' recovery.

Lambert did not prove that AMCO had a valid right of subrogation in Brockhaus' recovery from Lambert. Since Lambert did not prove that AMCO had such a subrogation right, Lambert did not prove that the $5,000 payment from Allied Mutual to AMCO was made to satisfy a valid subrogation interest. Consequently, Lambert did not prove that such payment was an accommodation to Lambert requiring credit against the judgment pursuant to § 25-1222.01 and *Beeder v. Fleer*, 211 Neb. 294, 318 N.W.2d 708. (1982).

█ Having so determined, we need not consider the effect of the corporate relationships among AMCO, Allied Mutual, and Allied Group. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

The district court erred in granting Lambert's motion for credit against the judgment, absent proof that the payment from Allied Mutual to AMCO was made to satisfy a valid subrogation interest of AMCO in Lambert's recovery from Brockhaus. The district court's November 12, 1998, order sustaining Lambert's "Motion for Determination of Setoff/Credit" is reversed and vacated.

REVERSED AND VACATED.