IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. WADE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JESSE L. WADE, APPELLANT.


Filed June 30, 2020.    Nos. A-19-912, A-19-917, A-19-918.


Appeals from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Darik J. Von Loh, of Hernandez Frantz, Von Loh, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.


PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Jesse L. Wade appeals his plea-based convictions and sentences from three cases in the district court for Lancaster County, which included two counts of possession of a controlled substance and one count of terroristic threats. Wade argues that the court should have ruled on his plea in abatement in two of the cases before he entered into a plea agreement and that his sentences are excessive. Based on the reasons that follow, we affirm Wade's convictions and sentences.

## BACKGROUND

The State initially charged Wade with one count of possession of a controlled substance (methamphetamine), a Class IV felony, in case No. A-19-912; one count of robbery, a Class II felony, in case No. A-19-917; and one count of possession of a controlled substance (methamphetamine), a Class IV felony, in case No. A-19-918. The charges arose from incidents

- 1 -

that occurred on October 7 and 18, 2018, and February 6, 2019. Wade's three separate appeals have been consolidated for disposition.

Shortly after the charges were filed, Wade filed a plea in abatement in cases Nos. A-19-917 and A-19-918, challenging the county court's decision to bind over the robbery charge and one of the possession of a controlled substance charges. A hearing was held and the district court took the matter under advisement.

Before any ruling was issued, however, the parties entered into a plea agreement in regard to the three cases involved in this appeal, as well as another case. As part of the plea agreement, the State filed an amended information charging Wade with one count of terroristic threats, a Class IIIA felony, instead of robbery. The State also agreed to drop a fourth case in which Wade had been charged with possession of a controlled substance. In exchange, Wade agreed to plead guilty to the possession of a controlled substance charges in cases Nos. A-19-912 and A-19-918 and to the terroristic threats charge in case No. A-19-917.

After a plea hearing, the district court accepted Wade's pleas and found him guilty on all three charges. In summary, the factual basis for the possession of a controlled substance charges indicated that Wade had twice been stopped for traffic violations and was found with items containing methamphetamine residue. In regard to the terroristic threats charge, the factual basis indicated that Wade had threatened an employee at a bakery because he wanted bread, telling the employee that he had a gun (though he apparently did not) and that he would "blow his head off."

At a subsequent sentencing hearing, the court sentenced Wade to 2 years' imprisonment and 12 months' postrelease supervision for each possession of a controlled substance charge, and 3 years' imprisonment and 18 months' postrelease supervision for the terroristic threats charge. The sentences were ordered to run consecutively.

## ASSIGNMENTS OF ERROR

Wade assigns that the trial court erred in (1) failing to rule on his pleas in abatement before he entered into the plea agreement and (2) imposing excessive sentences.

## STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Montoya*, 305 Neb. 581, 941 N.W.2d 474 (2020). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.* An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Plea in Abatement.*

Wade first assigns that the trial court erred in failing to rule on his pleas in abatement before accepting his guilty pleas pursuant to the plea agreement. Although Wade's assignment of error

states that the court erred by not ruling on the pleas in abatement in cases Nos. A-19-917 and A-19-918, his argument only focuses on case No. A-19-918, the case that was originally a robbery charge, but was reduced to a terroristic threats charge. He argues that to sustain probable cause for the robbery charge, the county court had to find there was an "intent to steal" and this element was absent from the facts presented to the county court at the preliminary hearing. As such, the plea in abatement should have been sustained by the district court.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The only exceptions to this rule include the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *Id.* See, also, Neb. Rev. Stat. § 29-1812 (Reissue 2016) ("accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue").

Wade's voluntary entry of guilty pleas waived any alleged defects raised by his plea in abatement, and thus, cannot be directly challenged on appeal, unless, for example, the charging information failed to allege an essential element of a crime, or a defect in the information is of such a fundamental character as to make the indictment wholly invalid. See *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986). Wade does not assert such claims here. Rather, he argues the facts presented to the county court at the preliminary hearing did not support the "intent to steal" element of robbery. He does not allege any insufficiency of the complaint itself. Accordingly, Wade's voluntary entry of his guilty pleas waived any alleged defects raised by his pleas in abatement.

*Excessive Sentence.*

Wade assigns that the sentences imposed by the trial court were excessive and an abuse of discretion. Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Montoya*, 305 Neb. 581, 941 N.W.2d 474 (2020). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.* An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Wade was found guilty of two counts of possession of a controlled substance which are Class IV felonies, punishable by a maximum of 2 years' imprisonment and 12 months' postrelease supervision, and no minimum for imprisonment or postrelease supervision. See Neb. Rev. Stat. §§ 28-416(3) and 28-105 (Reissue 2016). However, pursuant to Neb. Rev. Stat. § 29-2204.02(2) (Reissue 2016), the district court shall impose probation for a Class IV felony unless:

(a) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony;

. . . ; or

(c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community . . . .

Here, Wade was sentenced to a Class IIIA felony at the same time he was sentenced for the two Class IV felonies. In addition, the district court specifically found that Wade was not an appropriate candidate for probation. As set out below, the court delineated the substantial and compelling reasons behind its decision that Wade could not effectively and safely be supervised in the community. Ultimately, the district court sentenced Wade to 2 years' imprisonment and 12 months' postrelease supervision on each charge. This sentence is clearly within the statutory limits for a Class IV felony when a trial court decides imprisonment is necessary.

The terroristic threats charge is a Class IIIA felony, punishable by a maximum of 3 years' imprisonment and 18 months' postrelease supervision, and no minimum for imprisonment and 9 months for postrelease supervision. See Neb. Rev. Stat. § 28-311.01 (Reissue 2016) and § 28-105. The district court sentenced Wade to 3 years' imprisonment and 18 months' postrelease supervision. The sentence is also within the applicable statutory range, so we need only address whether the trial court abused its discretion.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Montoya, supra.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Wade argues it was an abuse of discretion to give him the maximum sentence of incarceration on all three charges and the maximum amount of supervised release. He contends the court failed to take into account several mitigating factors including his mentality, his social and cultural background, his motivation for the offense, the nature of the offense, and the amount of violence involved.

Prior to sentencing Wade, the court stated that it had reviewed the presentence investigation and that based on his history he was not a candidate for probation. The court noted that he had previously failed to comply with terms of probation and with conditions of supervised release and postrelease supervision. It also noted that Wade had been in prison multiple times. The court stated that a lesser sentence would depreciate the seriousness of this crime and promote disrespect for the law and that incarceration was necessary to protect the security of the public. The court found that the risk was substantial that Wade would engage in additional criminal conduct if sentenced to probation. Wade had a history of criminal activity, disregard for the law, and an unwillingness to comport his conduct to comply with the law. The court stated that it could not find that the circumstances that led to these offenses were unlikely to recur, or that Wade's character and attitude indicated he was unlikely to commit another crime.

As pointed out in Wade's own brief, he has spent much of his adult life in jail or prison, and has had probation revoked on two occasions in the past. Wade also admits he has had numerous

drug-related offenses, including 9 offenses for possession of controlled substances. He has a total of 15 convictions from driving infractions to robbery to possession of a controlled substance.

The record shows that the court reviewed the information before it and considered the appropriate sentencing factors. There is nothing to indicate that the court considered any inappropriate factors in determining the sentences to impose. Accordingly, the trial court did not abuse its discretion in imposing Wade's sentences.

## CONCLUSION

We conclude that Wade's voluntary guilty pleas waived any alleged defects raised by his pleas in abatement, so there was no error by the trial court in failing to rule on them. We also conclude that there was no abuse by the trial court in the sentences it imposed. Accordingly, Wade's convictions and sentences are affirmed.

AFFIRMED.