STATE OF NEBRASKA, APPELLEE, v. JOSEPH A. JONES, APPELLANT.

332 N.W.2d 702

Filed April 21, 1983. No. 82-261.

James A. Hogan, for appellant.

Paul L. Douglas, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Defendant appeals his guilty plea conviction of three misdemeanors. His assigned errors relate only to count I, driving under suspension, Motor Vehicle Safety Responsibility Act, Neb. Rev. Stat. § 60-557 (Reissue 1978), a Class III misdemeanor. We affirm.

After an auto accident on April 27, 1981, defendant failed to furnish proof of financial responsibility to the Nebraska Department of Motor Vehicles. Neb. Rev. Stat. § 60-507 (Reissue 1978). On July 9, 1981, the department ordered defendant's operator's license suspended effective August 3, 1981, and sent a copy of that order by U.S. certified mail to defendant at his last known address, 1948 South 10th Street, Omaha, Nebraska; it was returned, marked that delivery was attempted on July 11, 1981, and that the addressee was unknown. On September 25, 1981, defendant was arrested and charged in Sarpy County on count I, driving under suspension; on count II, no motor vehicle registration; and on count III, no valid operator's permit. Later, he appeared without counsel and his conviction was entered on his plea of guilty to all counts. After a presentence investigation he was sentenced to 60 days in jail and suspension of license for 1 year on count I, and fined $25 on both counts II and III. He was represented by counsel in his appeal to the District Court, where his convictions and sentences were affirmed.

Defendant is no stranger to the traffic courts. His record shows that in a 5-year period he received more than 30 traffic-related citations and he had more than 20 court appearances.

Two assigned errors are considered together: (1) Failure to appoint counsel; and (2) Failure to determine a factual basis for the guilty plea.

At arraignment, the county judge informed defendant in detail concerning all of his constitutional rights, along the lines suggested in *State v. Tweedy,* 209 Neb. 649, 309 N.W.2d 94 (1981), including defendant's right to counsel and appointed counsel at public expense. This dialogue followed: "THE COURT: . . . Now, do you understand your rights to a trial and to an attorney? MR. JONES: Yes, Sir. THE COURT: Are you, at this time, ready to waive those rights to proceed, here, to a plea? MR. JONES: Yes. . . . THE COURT: All Right. Then, I will ask you at this time. How do you plead to the charge? MR. JONES: Guilty."

Next, the deputy county attorney briefly reviewed the facts: "It specifically states that he was stopped, in Sarpy county, on the date and time alledged [sic]. He had over due registration, a subsequent check was (indiscernible) indicated that he was suspended for an accident, I believe, in Douglas County. Suspended on the 3rd of August, 1981. THE COURT: Okay. Do you accept that statement, then? MR. JONES: Yes. See they sent the --- THE COURT: All right. I am going to find your plea voluntarily and intelligently entered and I am going to continue this for a pre-sentence investigation, so you will have a chance to put — everything you want to say up to the probation officer and let him give me a report on that, for sentencing purposes. . . ."

The general rule is that an accused may waive his right to counsel where such waiver is made intelligently and understandingly, with knowledge of the right to counsel. *State v. Morford,* 192 Neb. 412, 222 N.W.2d 117 (1974).

The record clearly shows that defendant had knowledge of his right to counsel and court-appointed counsel and that he waived that right intelligently and understandingly.

Defendant argues that the trial judge failed to make a determination of the factual basis for the

plea at the time that it was accepted, particularly complaining that he tried to explain to the judge that he did not receive the notice of suspension. He cites ABA Standards Relating to The Function of the Trial Judge § 4.2(b) (Approved Draft 1972). We have consistently held, "In determining whether a factual basis for a plea of guilty exists, a court is not required to interrogate the defendant. Inquiry of the prosecutor or examination of the presentence report is an alternative." *State v. Daniels*, 190 Neb. 602, 604, 211 N.W.2d 127, 129 (1973); *State v. Leger*, 190 Neb. 352, 208 N.W.2d 276 (1973); *State v. Johnson*, 209 Neb. 308, 307 N.W.2d 525 (1981); *State v. Beach*, 211 Neb. 660, 319 N.W.2d 754 (1982).

The record before us shows that the complaint itself was detailed, the prosecutor briefly summarized the facts that were accepted as true by the defendant, there was a finding that the plea was voluntarily and intelligently made, and the record made at sentencing, including the presentence report, fully informed the judge of the defendant's claim that he did not receive the notice. That record supplies a factual basis.

The third assigned error states, "In order for the appellant to be guilty of driving under a suspended license, he must receive a notice of suspension . . . ." Defendant relies on a part of § 60-507, which states: "*Provided*, notice of such suspension shall be sent by the Department . . . by certified mail to such operator not less than twenty days prior to the effective date of such suspension . . . ." His theory is that proof of actual or constructive receipt of notice is required. No Nebraska cases are cited as authority. He cites *State v. Atwood*, 290 N.C. 266, 225 S.E.2d 543 (1976); *Commonwealth v. Crosscup*, 369 Mass. 228, 339 N.E.2d 731 (1975); and *State v. Foreman*, 54 Ohio Misc. 31, 376 N.E.2d 987 (1978). These three cases are distinguishable, since they involve trials on not guilty pleas, whereas here defendant's conviction was on his plea of guilty that clearly

meets the standards of *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

"[A] plea of guilty, if understandingly and voluntarily entered, is conclusive. . . . [A] plea of guilty embodies a waiver of every defense to a charge, whether procedural, statutory, or constitutional. . . . 'A plea of guilty to a criminal complaint admits that the offense was committed, the time and place of its commission, and the identity of the person committing it, as charged; it is an admission of record of the truth of the charges made; it renders unnecessary the proof of the facts alleged; and it supports a finding of guilt made thereon.' " *Marteney v. State*, 210 Neb. 172, 177, 313 N.W.2d 449, 453 (1981).

Whatever claimed defenses defendant had were waived by his guilty plea.

AFFIRMED.

WHITE, HASTINGS, and CAPORALE, JJ., concur in the result.