STATE OF NEBRASKA, APPELLEE V. DUANE BARGEN, APPELLANT.

363 N.W.2d 393

Filed March 1, 1985.   No. 84-637.

Jerry Soucie of Rehm & Bartling, for appellant.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant has appealed from a 6-months' county jail sentence following his conviction on a plea of guilty to a violation of Neb. Rev. Stat. §§ 8-409.01 and 8-409.02 (Reissue 1983). This is a Class IV felony providing for a sentence of imprisonment of as much as 5 years.

Assigned as errors by the defendant are: (1) The information failed to allege a criminal offense; (2) There was no factual basis provided by the State or revealed by the presentence investigation report to establish guilt of the criminal offense charged; and (3) The sentence was excessive. We affirm.

The amended information filed by the State charged two felony counts under these statutes, which violations were alleged to have occurred on July 20 and October 24, 1983. Pursuant to an agreement, following the defendant's plea of guilty to the July 20 offense, the other count of the information was dismissed. The arraignment proceedings fully comported with the requirements of due process.

As amended without objection, the information charged that

> while Duane Bargen was an active officer or director of an industrial loan and investment company, to-wit: Lincoln Savings Company, directly or indirectly borrowed funds of said industrial loan and investment company in an amount exceeding that allowed under Nebraska Revised Statutes Sections 8-409.01 and 8-409.02, to-wit: did borrow $160,000 on note number 011-068 and borrowed $8,722.49 on note number 010-150.

A plea of guilty admits all facts alleged in the information and recited in open court by the State. *State v. Jones*, 214 Neb. 145, 332 N.W.2d 702 (1983); *Marteney v. State*, 210 Neb. 172, 313 N.W.2d 449 (1981); *Clark v. State*, 150 Neb. 494, 34 N.W.2d 877 (1948). Nevertheless, a defendant may still raise on appeal the fact that an information failed to set forth each essential element of the crime. *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959).

Those facts and information establish that the defendant, through a corporation which he and his wife owned and controlled, bought a home in Lancaster County, Nebraska, on May 10, 1982. As part of that transaction, a note and mortgage on that property, dated the same day in the amount of $96,000, were given to the seller. On May 11, 1982, this same corporation of the defendant's executed a note and mortgage to Lincoln Savings Company in an unspecified amount on the identical property.

On July 20, 1983, defendant, through his corporation, obtained a loan of $160,000 from Lincoln Savings Company, which was secured by a note and mortgage on the above-mentioned real estate. Also, on July 20, 1983, defendant's corporation borrowed $8,722.49 from Lincoln Savings Company, as evidenced by an unsecured note. On that same day Lincoln Savings Company in effect sold $100,000 of the one note to Northeast Savings Investment Company. At all times referred to, the defendant was president and a board member of Lincoln Savings Company, an industrial loan and investment company as defined by Neb. Rev. Stat. ch. 8, art. 4 (Reissue 1983).

Section 8-409.01 provides in part as follows:

No director, officer, or employee of an industrial loan and investment company . . . shall borrow any of the funds of the industrial loan and investment company, directly or indirectly, without first having secured the approval of the board of directors of such industrial loan and investment company. . . . The amount of any loan shall be limited as provided in sections 8-409 and 8-409.02.

Section 8-409.02(3) permits an officer or employee to borrow from the funds of the industrial loan and investment company "[s]ixty thousand dollars or less if at the time the loan is made it is secured by a first lien on a dwelling which is to be owned by such officer or employee and used by him or her as a residence."

The defendant's first assignment of error relates to the absence of an allegation in the information that the particular loans were made without approval of the board of directors as set out in § 8-409.01. As a matter of fact, the defendant had received such approval for one loan in an unspecified amount on May 10, 1982, recorded as a mortgage on his residence on May 11. Thus, argues the defendant, the information failed to allege an essential element of the crime, i.e., lack of board approval.

However, the defendant overlooks the $60,000 limitation on any type of loan, whether approved or not, as specified in § 8-409.02. That section and § 8-409.01 are in pari materia and must be construed together in order to give meaning to the

provisions of both. *SID No. 1 v. County of Adams*, 209 Neb. 108, 306 N.W.2d 584 (1981). Also, the court will avoid constructions which lead to absurd or unjust results. *In re Boundaries of McCook P.P. Dist.*, 217 Neb. 11, 347 N.W.2d 554 (1984).

Although § 8-409.01 seems to permit "insider" loans with board approval, when read together with § 8-409.02 it is abundantly clear that in any event such a loan in excess of $60,000, even with board approval, is unlawful. An information questioned for the first time on appeal must be held sufficient unless so defective that by no construction can it be said to charge the offense for which the accused was convicted. *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959). The first assignment of error is without merit.

The factual basis is also sufficient as presented by the prosecution at the arraignment and reinforced by the presentence investigation. Together, they established that the defendant obtained a loan, with board approval, but in excess of the statutory limit for one loan, and a loan of $8,722.49 with no board approval. The fact that the $160,000 loan was later reduced to the statutory maximum by sale of a portion of it to Northeast Savings does not erase the violation. A factual basis for a plea of guilty may be established by inquiry of the prosecution, interrogation of the defendant, or examination of the presentence report. *State v. Jones*, 214 Neb. 145, 332 N.W.2d 702 (1983).

Finally, with regard to the claimed excessiveness of the sentence, the general rule is that a sentence imposed within the statutory limits will not be disturbed on appeal unless the trial court abused its discretion. *State v. Ruzicka*, 218 Neb. 594, 357 N.W.2d 457 (1984); *State v. Gillette*, 218 Neb. 672, 357 N.W.2d 472 (1984).

An examination of the presentence investigation report discloses facts which possibly could support additional charges. As stated in that report, "The examination of Lincoln Savings Company from 8-4-82 to 8-9-82 revealed $287,347 in loans to family members of President Duane L. Bargen. . . . 'This volume of loans represents 85.9% of total equity, capital . . . .' "

In another portion of the presentence report, an employee of

Lincoln Savings Company specifically recalled a loan of $50,000 plus, not included in the above figure, made to a different family member who simply turned the check over to the defendant. This suggests that the offense of which the defendant was convicted may only have been the "tip of the iceberg."

The sentencing judge properly may consider information contained in a presentence report in imposing sentence. Such judge has broad discretion as to the source and type of information which may be used to assist in determining the kind and extent of punishment to be imposed. *State v. Porter*, 209 Neb. 722, 310 N.W.2d 926 (1981). There was no abuse of discretion by the trial court in the imposition of the sentence in this case.

The judgment and sentence of the district court are affirmed.

AFFIRMED.