STATE OF NEBRASKA, APPELLEE, V. DONALD E. DENBECK, APPELLANT.

365 N.W.2d 469

Filed April 5, 1985.   No. 84-580.

Thomas B. Donner, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant was issued a speeding ticket for driving 69 miles per hour in a 55 m.p.h. zone in Cuming County. He asked for and received a continuance of his appearance date, was permitted to enter a not guilty plea by telephone, and was given a trial date. He later obtained a continuance of trial because of weather conditions.

Defendant appeared in county court for trial and informed the trial judge he would like to obtain an attorney for trial. The trial judge continued the case until the next day. Defendant rejected the continuance, waived any right he had to counsel, and asked for an immediate trial, and the trial proceeded on the scheduled day.

The State proved that a state patrolman had caught the defendant speeding, as charged, by radar, which was properly operated, maintained, and calibrated. In his cross-examination defendant asked the arresting officer if the officer remembered being told by defendant that defendant's speedometer cable had broken at Fremont and that defendant could not tell how fast he was going. The officer so remembered. Defendant did not testify. Defendant was found guilty, was fined $22 plus costs, and has appealed.

Defendant assigns two errors: (1) That the county court abused its discretion by granting too short a continuance; and (2) That the county court erred in finding that defendant knowingly, intelligently, and voluntarily waived his right to counsel. Both assignments are wholly frivolous, and we affirm.

As set out in *State v. Clark*, 216 Neb. 49, 59, 342 N.W.2d 366, 372 (1983), " ' "[a] motion for a continuance is addressed to the sound discretion of the court, and in the absence of a

showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal." ' " The trial court did not abuse its discretion in this case.

With regard to defendant's second assignment of error, it is clear that a defendant may waive counsel, so long as that waiver is done knowingly and voluntarily. *State v. Jones*, 214 Neb. 145, 322 N.W.2d 702 (1983). Whether there had been such an intelligent waiver depends on the facts and circumstances of each case. *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976). The facts of this case show conclusively that defendant knowingly and voluntarily waived counsel.

In *State v. Clark, supra* at 58, 342 N.W.2d at 371, we noted that " '[d]efendants are not permitted to utilize the constitutional right to counsel to manipulate or obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.' "

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.