STATE OF NEBRASKA, APPELLEE, V. JIMMY L. WILEY, ALSO KNOWN AS JIMMY L. BROOKS, APPELLANT.

365 N.W.2d 844

Filed April 12, 1985. No. 84-687.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

In exchange for the dismissal of an additional charge, the appellant, Jimmy L. Wiley, also known as Jimmy L. Brooks, entered a plea of guilty to a violation of Neb. Rev. Stat. § 28-611(1)(a) (Cum. Supp. 1984), issuance of a check for an amount in excess of $1,000 and obtaining "property, service, or present value," knowing that he did not have sufficient funds or

credit with the drawee bank for the payment in full upon presentation. Appellant was found guilty and sentenced to a term of 18 months to 3 years' imprisonment, with credit for time served in jail awaiting trial. A violation of § 28-611(1)(a) is a Class III felony, which carries a sentence ranging from 1 to 20 years' imprisonment, a $25,000 fine, or both. This appeal followed.

Only one error is assigned—that an insufficient factual basis existed for the acceptance of a plea of guilty to a Class III felony. The following facts elicited by the court at arraignment and as shown in the presentence investigation report will serve to highlight the contention of the appellant.

On May 2, 1984, the appellant negotiated the purchase of 27 bookcases for the Universal Bethel Baptist Church at 8017 Farnam Drive in Omaha, Nebraska, from the Unpainted Furniture Center in Omaha, for a price of $3,238.65. Appellant issued a check to the store for $3,386.65. Appellant received the difference of $148 in cash. The owner of the store became suspicious and, upon investigation, learned that the drawee bank account in Milwaukee was closed. The owner of the store conveyed this information to the Omaha Police Department, and the appellant was arrested the following day. It was determined that 8017 Farnam was a fictitious address for a nonexistent church.

Appellant's argument, simply stated, is that the statute should be construed as to punish the offender for the amount the drawer actually has obtained from the payee in a fraudulent scheme. Appellant suggests that the record would strongly indicate that he never intended to take possession of the 27 bookcases nor would the furniture store likely have delivered the bookcases to 8017 Farnam Drive when no such address existed.

There are only two flaws in the appellant's argument. First, the statute is absolutely clear that the essential elements of the crime are the issuance of a check for more than $1,000 and the obtaining of property of value, with no particular amount required (subject, of course, to the requirement that the act is done with the intent to defraud). *State v. Suhr*, 207 Neb. 553, 300 N.W.2d 25 (1980). We are not free to change the language of

a plain and unambiguous statute. *State v. Suhr, supra; State v. Havorka*, 218 Neb. 367, 355 N.W.2d 343 (1984).

Second, the appellant having pled guilty and admitted the essential elements of the offense is not now free to change that admission here. *State v. Jones*, 214 Neb. 145, 332 N.W.2d 702 (1983).

No error having been found, the judgment is affirmed.

AFFIRMED.