STATE OF NEBRASKA, APPELLEE, V. CAROL NORQUEST
BROZOVSKY, APPELLANT.

545 N.W.2d 98

Filed March 29, 1996.   No. S-94-1193.

Bruce E. Stephens for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Carol Norquest Brozovsky was found guilty by the county court for York County of 15 counts of failing or refusing to control noxious weeds pursuant to Neb. Rev. Stat. § 2–955(3)(a) (Reissue 1991). The county court sentenced Brozovsky to 60 days' probation. The State filed error proceedings in the York County District Court, pursuant to Neb. Rev. Stat. § 29–2317 (Reissue 1989), alleging that probation was not a permissible sentence for violations of § 2–955(3)(a). Brozovsky also

appealed, alleging there was insufficient evidence to justify a finding of guilty on any of the charges of which she was convicted. The district court held that there was sufficient evidence to support the convictions and that the county court lacked subject matter jurisdiction to sentence Brozovsky to probation for an infraction conviction. As a result, the district court vacated Brozovsky's sentence and remanded the case to the county court for resentencing.

Brozovsky appealed the district court's decision to the Nebraska Court of Appeals. The State filed a motion for summary affirmance pursuant to Neb. Ct. R. of Prac. 7B(2) (rev. 1992), which was sustained, and the judgment was affirmed without opinion. See *State v. Brozovsky*, 3 Neb. App. xxix (case No. A-94-1193, Apr. 17, 1995). We have granted Brozovsky's petition for further review pursuant to Neb. Rev. Stat. § 24-1107 (Cum. Supp. 1994). Because there is an absence of evidence in the record to show that Brozovsky was served with proper notice, we conclude there was insufficient evidence to support a finding of guilty on any of the charges of which she was convicted. We therefore reverse.

## BACKGROUND

On June 11, 1993, Randy Campbell, the noxious weed superintendent for York County, observed approximately "a thousand plus" uncontrolled noxious weeds, i.e., musk thistle, on property owned by Brozovsky. On that date, Campbell sent Brozovsky a legal notice by certified mail informing her of the uncontrolled musk thistle. The notice stated in part the specific section of land that was infested with musk thistle, the method of control recommended, and a warning that if within 15 days from June 26 the musk thistle had not been brought under control, she might, upon conviction, be subject to a fine of $100 per day for each day of noncompliance, up to a maximum of 15 days of noncompliance. The notice also stated that she could request a hearing within 15 days to challenge the existence of a noxious weed infestation on her property.

On June 28, 1993, Campbell went back onto Brozovsky's property for a second inspection and found that "very minimal digging had occurred, but there was still hundreds and hundreds

and hundreds of plants uncontrolled." On July 10, Campbell returned to the property for a final inspection and found that "there was still hundreds and hundreds of plants uncontrolled and going to seed," and that there was no evidence that these plants had been sprayed. As a result, the York County Attorney filed a complaint against Brozovsky in county court, alleging that violations of § 2-955(3)(a) commenced on June 26 and continued thereafter on each day to and including July 9.

Brozovsky was subsequently convicted of 15 counts of failing or refusing to control noxious weeds and was placed on 60 days' probation by the county court. On appeal, the district court found that there was sufficient evidence to sustain the convictions and that the county court lacked subject matter jurisdiction to sentence Brozovsky to probation for an infraction conviction. As a result, the district court vacated Brozovsky's sentence and remanded the case to the county court for resentencing. Brozovsky appeals.

## ASSIGNMENTS OF ERROR

Brozovsky assigns three errors: (1) The district court erred in finding there was sufficient evidence to justify a finding of guilty on any of the charges of which she was convicted, (2) the district court erred in vacating and setting aside the county court's sentence of probation, and (3) the district court erred in finding the county court lacked subject matter jurisdiction to sentence her to probation.

## SCOPE OF REVIEW

In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994).

## ANALYSIS

Brozovsky first alleges the district court erred in concluding there was sufficient evidence to justify a finding of guilty on any

of the charges of which she was convicted. As part of her sufficiency of the evidence argument, Brozovsky alleges that the notice issued by Campbell was not valid and that, therefore, each charge against her is void. Section 2–955(1)(b) states in pertinent part:

> Whenever any *control authority* finds it necessary to secure more prompt or definite control of weeds on particular land than is accomplished by the general published notice, it shall cause to be served individual notice upon the owner of record of such land at his or her last–known address, giving specific instructions and methods when and how certain named weeds are to be controlled.

(Emphasis supplied.)

Brozovsky argues the State failed to prove that the York County board of commissioners, sitting as the county weed control authority, made a finding that it was necessary to give notice to secure more definite control of noxious weeds on her land. Brozovsky is correct in her assertion that proof of proper notice is an element of the State's prima facie case pursuant to § 2–955(3)(a). That section states in pertinent part:

> A person who is responsible for an infestation of noxious weeds on particular land under his or her ownership and who refuses or fails to control the weeds on the infested area within the time designated in the *notice delivered by the control authority* shall, upon conviction, be guilty of an infraction . . . .

(Emphasis supplied.)

Brozovsky is also correct in her assertion that the State did not adduce any evidence that the York County weed control authority made a finding that it was necessary to give notice to secure more definite control of the noxious weeds on her land. However, the Noxious Weed Control Act provides exceptions to the performance of the duties it requires of the control authority. Neb. Rev. Stat. § 2–954(2)(b) (Reissue 1991) states that "[a] control authority may *cooperate* with any person in carrying out its duties and responsibilities under the act." (Emphasis supplied.) Section 2–954(3)(b) states in pertinent part that "[u]nder the direction of the control authority, it shall be the

duty of every weed control superintendent to . . . perform such other duties as *required* by the control authority in the performance of its duties." (Emphasis supplied.)

While it is uncontroverted that Campbell sent Brozovsky legal notice by certified mail on June 11, 1993, the record is absent of any showing that the control authority delegated to Campbell its statutory duty to make findings and to issue notice. It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995). As a result, we conclude that Brozovsky was prejudiced by the State's failure to prove an element of the crime charged—that Brozovsky was served proper notice after a finding of uncontrolled noxious weeds by the control authority or by the superintendent as required by the control authority. Because we conclude there was insufficient evidence to support the convictions, we need not discuss the other errors assigned by Brozovsky.

## CONCLUSION

We conclude there was insufficient evidence to support a finding of guilty on any of the charges of which Brozovsky was convicted.

REVERSED.