STATE OF NEBRASKA, APPELLEE, V. VERLYN BEETHE, APPELLANT.

545 N.W.2d 108

Filed March 29, 1996.   No. S-95-640.

Thomas L. Morrissey, of Morrissey, Morrissey & Dalluge, for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Verlyn Beethe was found guilty by the county court for Pawnee County of 14 counts of failing or refusing to control noxious weeds pursuant to Neb. Rev. Stat. § 2–955(3)(a) (Reissue 1991). The district court for Pawnee County affirmed the county court's decision. Under the authority granted to us by Neb. Rev. Stat. § 24–1106 (Cum. Supp. 1994) to regulate the caseloads of the appellate courts of this state, we remove the appeal to this court. Because there is an absence of evidence in the record to show that Beethe was served with proper notice, we conclude there was insufficient evidence to support a finding of guilty on any of the charges of which he was convicted. We therefore reverse.

## BACKGROUND

On June 1, 1994, Larry Bradbury, the county weed control superintendent for Pawnee County, inspected Beethe's land and discovered a moderate infestation of noxious weeds, i.e., musk thistle. On that date, Bradbury delivered a "15–day individual notice" to the Pawnee County sheriff's office for service upon Beethe. Deputy Sheriff Marty Tuttle personally served Beethe with the notice that day. The notice stated in part the specific section of land that was infested with musk thistle, the method of control recommended, and a warning that if within 15 days from June 16 the musk thistle had not been brought under control, he might, upon conviction, be subject to a fine of $100 per day for each day of noncompliance, up to a maximum of 15 days of noncompliance. The notice also stated that Beethe could request a hearing within 15 days to challenge the existence of a noxious weed infestation on his property.

During subsequent inspections of Beethe's land on June 16 and 28 and July 9, 1994, Bradbury found that no control methods had been taken with respect to the musk thistle. As a result, the Pawnee County Attorney filed a complaint against Beethe in county court alleging one count of refusal or failure to control noxious weeds pursuant to § 2–955(3)(a). The State later amended its complaint to 15 counts alleging that violations of § 2–955(3)(a) commenced on June 16 and continued thereafter on each day to and including June 30. Beethe was

subsequently convicted of 14 counts of failing or refusing to control noxious weeds. On appeal, the district court affirmed the trial court's decision. Beethe appeals.

## ASSIGNMENTS OF ERROR

Beethe assigns 11 errors, which allege in summary that the county court erred in finding (1) he was served with notice or, in the alternative, the notice served was adequate; (2) the county weed control superintendent's qualifications were sufficient and adequately demonstrated; (3) the county weed control superintendent did not exceed his authority; (4) the county weed control authority fulfilled its duties; (5) there was sufficient evidence to justify the convictions; and (6) Neb. Rev. Stat. § 2–953 (Reissue 1991) and § 2–955 are not unconstitutionally vague.

## STANDARD OF REVIEW

In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994).

## ANALYSIS

Beethe first alleges the county court erred in finding that he was served with notice or, in the alternative, that the notice served was adequate. At trial, Tuttle testified that he personally served Beethe notice on June 1, 1994, at the request of Bradbury. As a result, we will only address Beethe's assertion that the notice served was inadequate. Section 2–955(1)(b) states in pertinent part:

> Whenever any *control authority* finds it necessary to secure more prompt or definite control of weeds on particular land than is accomplished by the general published notice, it shall cause to be served individual notice upon the owner of record of such land at his or her last-known address, giving specific instructions and

methods when and how certain named weeds are to be controlled.

(Emphasis supplied.)

Beethe argues that the county court erred in not requiring the State to prove beyond a reasonable doubt that the Pawnee County board of commissioners, sitting as the county weed control authority, caused individual notice to be served on him, and in finding that the county weed superintendent constitutes the agent of the control authority for purposes of making findings and issuing notice pursuant to the Noxious Weed Control Act.

In *State v. Brozovsky, ante* p. 723, 545 N.W.2d 98 (1996), we held that proof of proper notice is an element of the State's prima facie case pursuant to § 2–955(3)(a), which states in pertinent part:

A person who is responsible for an infestation of noxious weeds on particular land under his or her ownership and who refuses or fails to control the weeds on the infested area within the time designated in the *notice delivered by the control authority* shall, upon conviction, be guilty of an infraction . . . .

(Emphasis supplied.)

Beethe is correct in his assertion that the State did not adduce any evidence that the Pawnee County weed control authority made any findings or caused notice to be served on him. However, the Noxious Weed Control Act provides exceptions to the performance of the duties it requires of the control authority. Neb. Rev. Stat. § 2–954(2)(b) (Reissue 1991) states that "[a] control authority may *cooperate* with any person in carrying out its duties and responsibilities under the act." (Emphasis supplied.) Section 2–954(3)(b) states in pertinent part that "[u]nder the direction of the control authority, it shall be the duty of every weed control superintendent to . . . perform such other duties as *required* by the control authority in the performance of its duties." (Emphasis supplied.)

The only evidence at trial with regard to Bradbury's authority to make findings and to issue notice was adduced on direct examination of Bradbury as follows:

Q– . . . While on your inspection on the 1st of June, are you required to take certain action where you — with respect to your observations of noxious weeds on the property?

A– I'm required to notify the landowner of my findings. I sent a letter with that notice stating what I've — that an inspection was conducted, what I found and ask that he takes appropriate action within a given length of time.

While Bradbury testified that he is "required to notify the landowner of [his] findings," the record does not indicate who required Bradbury to give such notice. The record is absent of any showing that the control authority delegated its statutory duty to make findings and to issue notice to Bradbury. It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995). As a result, we conclude that Beethe was prejudiced by the State's failure to prove an element of the crime charged—that Beethe was served proper notice after a finding of uncontrolled noxious weeds by the control authority or by the superintendent as expressly required by the control authority. See *State v. Brozovsky, supra*. Because we conclude there was insufficient evidence to support the convictions, we need not discuss Beethe's other assigned errors.

## CONCLUSION

We conclude there was insufficient evidence to support a finding of guilty on any of the charges of which Beethe was convicted.

REVERSED.