STATE OF NEBRASKA, APPELLEE, V.
GREGORY L. KENNEDY, SR., APPELLANT.
557 N.W.2d 33

Filed December 20, 1996. Nos. S-95-1275, S-95-1276.

John H. Marsh, of Knapp, Fangmeyer, Aschwege, Besse & Marsh, P.C., for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

On July 4, 1988, Gregory L. Kennedy, Sr., was arrested for a third incident of driving while under the influence of alcohol or drugs (DUI). In accordance with a conviction on November 17, his license was revoked for 15 years.

On August 17, 1995, Kennedy was arraigned on three separate informations: case No. CR 95-55 (possession of a controlled substance); case No. CR 95-57 (count I: driving under revocation imposed for DUI; count II: obstructing a peace officer); and case No. CR 95-105 (driving under revocation imposed for DUI).

Kennedy and his counsel appeared again before the district court on September 1, 1995. Pursuant to a plea agreement, Kennedy pled no contest to the two counts of driving under revocation. In exchange for Kennedy's no-contest pleas on these charges, the State dismissed count II of case No. CR 95-57 and dismissed case No. CR 95-55.

The court advised Kennedy of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and established that Kennedy's pleas were voluntarily made. The deputy county attorney then provided the following factual basis for the two charges of driving under revocation:

> In case CR 95-55, if called to testify, members [of] the Buffalo County Sheriff's Office would indicate on June 17, 1995, that he was in contact with another individual who was walking in a ditch in Buffalo County. Upon questioning what he was doing, he said that he was waiting for a ride.

At that point Mr. Kennedy drove up to the location driving another individual's vehicle. He told the officers that he was there to pick his friend up. At that time the officers ran his driver's abstract and confirmed their suspicions that he was driving under suspension at the time.

The abstract shows a judgment on November 17, 1988, a withdrawal on that same date and Mr. Kennedy is not eligible until November 17th of the year 2003.

All these events occurred in Buffalo County.

And the second case case [sic] number 95-57 if called to testify, members of the Kearney Police Department would state on the date in question which is March 19, 1995, at approximately 1:55 a.m., he was conducting a routine parole [sic] activity when he observed a brown 1978 Pontiac Trans Am, Nebraska license 9 commercial 5666 northbound on Second Avenue in Kearney, Buffalo County, Nebraska. He observed that the vehicle had no— no taillights were illuminated. He then conducted a traffic stop of that vehicle near 32nd Street in Kearney, Buffalo County, Nebraska.

Upon stopping the vehicle, he made contact with the driver—attempted to make contact with the driver and the driver exited the vehicle and began running away. It was a male subject. He pursued, eventually apprehended in the 3200 block of Second Avenue. The subject was identified as Mr. Kennedy, and his abstract was run with the same information that he's not eligible to drive until November 17, 2003, as a result of driving under the influence, third offense, conviction.

Kennedy did not disagree with the factual basis that was provided.

The court found that Kennedy knowingly, voluntarily, and intelligently entered his pleas and that an adequate factual basis had been established. Accordingly, Kennedy was found guilty.

A presentence investigation was then conducted. In a statement incorporated into the presentence investigation report, Kennedy admitted to knowingly driving without a license. The court sentenced Kennedy to 2 to 5 years' imprisonment on count I of case No. CR 95-57 and sentenced Kennedy to 3 to 5

years' imprisonment on case No. CR 95-105. The sentences were to run consecutively. Kennedy was awarded 4 days' credit for time previously served. Kennedy then timely appealed to the Nebraska Court of Appeals.

In a memorandum opinion filed July 24, 1996, the Court of Appeals found that the factual basis provided by the State in each of the cases failed to establish that Kennedy's prior conviction for his third-offense DUI was counseled or that Kennedy waived his right to counsel. In accordance with its findings, the Court of Appeals reversed Kennedy's convictions and remanded for further proceedings.

The State subsequently filed a petition for further review on August 22, 1996. In that petition, the State alleges that the Court of Appeals erred (1) by considering enhancement rules applicable to offenses committed under Neb. Rev. Stat. § 60-6,196(2)(c) (Reissue 1993) and applying them to license revocation offenses committed under § 60-6,196(6), and (2) in determining that the trial court had an insufficient factual basis to support Kennedy's plea and the court's finding of guilt. Pursuant to Neb. Ct. R. of Prac. 11E(5)a (rev. 1996), Kennedy was not entitled to present an oral argument before this court.

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the courts below. *State v. Atkins*, 250 Neb. 315, 549 N.W.2d 159 (1996). It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. *State v. Beethe*, 249 Neb. 743, 545 N.W.2d 108 (1996).

The State alleges, first, that the Court of Appeals erred in taking the enhancement rules applicable to offenses committed under § 60-6,196(2)(c) and applying those rules to license revocation offenses committed under § 60-6,196(6). We agree that the Court of Appeals improperly applied the enhancement rules pertinent to DUI to a case involving driving under revocation.

Kennedy pled no contest to a charge of violating § 60-6,196(6), which states that "[a]ny person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to subdivision (2)(c) of this section shall be guilty of a Class IV felony." Section

60-6,196(2)(c) allows a court to revoke a driver's license for 15 years upon a third-offense DUI conviction.

We have recognized that § 60-6,196(2) involves the enhancement of penalties in cases involving DUI. See, generally, *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995); *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994). In the context of sentence enhancement for second- or third-offense DUI, we have specifically held that

> although proof of prior convictions to establish second- or third-offense charges of driving while under the influence of alcohol may be waived by the voluntary and intelligent admission of the defendant, there must nevertheless be proof in the record in some form that the prior convictions were obtained at a time when the defendant was represented by counsel or had knowingly waived such right. . . . *Absent such proof on the record, it is plain error for a court to use a defendant's prior convictions to enhance the defendant's sentence.*

(Emphasis supplied.) *Ristau*, 245 Neb. at 57, 511 N.W.2d at 87. We have specifically limited these provisions concerning the admission of evidence of prior convictions to enhancement proceedings such as those found in § 60-6,196(2).

The Court of Appeals in this case reversed the district court's findings because the factual basis provided by the State did not establish that Kennedy's prior conviction in 1988 for third-offense DUI (the offense that resulted in the 15-year revocation of his license) was counseled or that Kennedy waived his right to counsel at that time. In so holding, the Court of Appeals specifically applied the rules involving the use of prior convictions in enhancement proceedings to find an insufficient factual basis.

We have never extended these rules concerning admission of evidence of prior convictions beyond enhancement proceedings, and we decline to do so in this case. To attack a prior conviction in the context in which that prior conviction is not being used for the purpose of sentence enhancement constitutes an impermissible collateral attack. The Court of Appeals erred in evaluating the sufficiency of the factual basis in this case by

using rules applicable only in enhancement proceedings. This is not an enhancement proceeding, and the rules applicable to enhancement proceedings are not applicable here.

The State's second assignment of error alleges that the district court had a sufficient factual basis upon which to accept Kennedy's plea of no contest. We agree.

The State was required to establish as a factual basis for Kennedy's plea that Kennedy (1) operated a motor vehicle (2) while his driver's license had been revoked pursuant to § 60-6,196(2)(c). See, *State v. Blankenfeld*, 229 Neb. 411, 427 N.W.2d 65 (1988); *State v. Jost*, 219 Neb. 162, 361 N.W.2d 526 (1985). All that is required to establish the necessary factual basis for the elements of the crime is an inquiry of the prosecution, interrogation of the defendant, or examination of the presentence report. *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985); *State v. Jones*, 214 Neb. 145, 332 N.W.2d 702 (1983) (holding that sufficiently detailed complaint; prosecutor's summarized facts accepted as true by defendant; finding that plea was intelligently and voluntarily made; and record at sentencing, including presentence report, supplied sufficient factual basis for judge). To provide constitutionally valid notice to Kennedy, the specific acts constituting the offense had to be set forth with sufficient certainty in the information to inform him of the charges he faced. See *Blankenfeld, supra*.

The record in this case demonstrates a sufficient factual basis. The complaints specified the acts constituting the offense of driving during the period in which Kennedy's license had been revoked pursuant to § 60-6,196(2)(c). The prosecutor summarized the facts involved in each count of driving under revocation, and Kennedy accepted those facts as true. The court made a finding that Kennedy's plea of no contest was entered knowingly, voluntarily, and intelligently. Additionally, the record during sentencing, including the presentence report, demonstrated that Kennedy was aware that his license had been revoked for 15 years pursuant to § 60-6,196(2)(c) and that Kennedy admitted to driving regularly after his license was revoked.

On the basis of this record, it is clear that everyone— Kennedy, Kennedy's counsel, the judge, and the prosecutor—

was aware that Kennedy's license had been revoked pursuant to § 60-6,196(2)(c), that he was charged as having violated § 60-6,196(6), and that there was a sufficient factual basis to support the court's determination in this case. Therefore, we find that the State's second assignment of error is also meritorious.

On appeal to the Court of Appeals, Kennedy also alleged that the sentences imposed by the trial court were excessive, essentially because Kennedy was not intoxicated and because his actions did not result in injury to people or property. The trial court sentenced Kennedy to 2 to 5 years' imprisonment on the first count, and 3 to 5 years' imprisonment on the second count, of driving under revocation. Nebraska statutes provide that the penalty for a Class IV felony is 0 to 5 years' imprisonment, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105(1) (Reissue 1989).

A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993); *State v. Riley*, 242 Neb. 887, 497 N.W.2d 23 (1993); *State v. Reynolds*, 242 Neb. 874, 496 N.W.2d 872 (1993). The record in this case indicates that Kennedy has a history of driving under revocation and that he continually violated court orders in this regard. He was sentenced within the statutory limit, and the record reveals no abuse of discretion.

Because we find that the rules regarding admission of prior convictions as a basis for enhancement do not apply to nonenhancement proceedings, that the record in this case presented a sufficient factual basis to support Kennedy's plea and the trial court's factual findings, and that the sentences imposed by the district court were not excessive, we reverse the decision of the Court of Appeals and affirm the sentence of the district court.

REVERSED.