775 N.W.2d 678 (2009)
279 Neb. 1
STATE of Nebraska, appellee,
v.
John S. WAYS, Jr., appellant.
No. S-09-017.
Supreme Court of Nebraska.
December 11, 2009.
James L. Beckmann, of Beckmann Law Offices, Lincoln, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust for appellee.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
This appeal arises out of a criminal case filed in late October 2008, in Lancaster County District Court, in which John S. Ways, Jr., appellant, was found guilty of criminal contempt of an order which had been entered in a separate previous criminal case. In that case, Ways had been found guilty of pandering and, subsequent to his release from incarceration, ordered on January 31, 2002, to register under the Sex Offender Registration Act (SORA), Neb.Rev.Stat. §§ 29-4001 to 29-4014 (Reissue 2008). On December 4, in the present criminal contempt case, Ways was ordered to serve 54 days in jail and fined $1,000. In addition to imposing the sentence, the court proceeded to recalculate the timeframe during which Ways would remain subject to SORA registration in connection with the pandering conviction and ordered that, given certain excluded times, Ways was required to register until at least April 9, 2014.
On appeal, Ways challenges the portion of the sentencing order in which the court recalculated his SORA obligations. We *679 agree with Ways that the court was without authority in the criminal contempt case to address the registration requirements arising out of Ways' 1996 conviction for pandering. We therefore vacate that portion of the order addressing the registration requirements and otherwise affirm his sentence.

STATEMENT OF FACTS
In the present appeal from a Lancaster County District Court case, Ways pled no contest to a charge of criminal contempt of court, pursuant to a plea agreement. In an order entered December 4, 2008, the district court sentenced Ways to 54 days in jail and a $1,000 fine. The court also ordered that based on his 1996 conviction for pandering, Ways was subject to the registration requirements of SORA until at least April 9, 2014. A review of events that occurred prior to the conviction and sentence in this case is necessary to understand the December 4, 2008, challenged ruling with respect to Ways' registration requirements under SORA.
Ways was convicted of pandering and began serving his sentence on the conviction in 1996. SORA became operative January 1, 1997, after Ways was sentenced for the 1996 pandering conviction but before he finished serving the sentence. Ways was released from prison on June 24, 1998, but on that date, the Nebraska Department of Correctional Services failed to notify Ways of his registration requirements under SORA.
On October 11, 2001, the district court held a hearing on the State's motion filed in the pandering case to determine Ways' obligations under SORA. The court entered an order dated January 31, 2002, in which it found that because of the pandering conviction, Ways was subject to the registration requirements of SORA. The court ordered that Ways was "to comply with the requirements of [SORA until June 24, 2008, representing] the remainder of the ten years from his release" on June 24, 1998. Ways appealed the January 31, 2002, order to the Nebraska Court of Appeals. The Court of Appeals affirmed the order in an unpublished decision on February 18, 2003. See State v. Ways, 11 Neb. App. cxvi, 2003 WL 346329 (No. A-02-176, Feb. 18, 2003).
Ways did not thereafter register in compliance with the January 31, 2002, order in the pandering case. Ways was taken into federal custody on May 15, 2003, and remained in custody until July 28, 2008.
On October 31, 2008, the State filed an information in the district court for Lancaster County in the case that gives rise to the current appeal. The information charged Ways with two counts: (1) a violation of SORA for failing to register between July 28 and August 15, 2008, and (2) contempt of court for disobeying the January 31, 2002, order in the pandering case by failing to register between January 31, 2002, and May 15, 2003. Pursuant to a plea agreement, Ways pled no contest to the contempt charge, and the State dropped the other charge and did not file habitual criminal charges.
At the plea and sentencing hearing held December 4, 2008, Ways argued that the January 31, 2002, order in the pandering case set a date certain of June 24, 2008, for the end of his registration requirement under SORA and that therefore his obligation to register ended on that date. Contrary to Ways' urging in the present contempt case, the court determined in its December 4, sentencing order that Ways' obligation to register under SORA based on the 1996 pandering conviction should extend until at least April 9, 2014.
In making its determination in the December 4, 2008, order, the court stated *680 that Ways should get credit for fulfilling the registration requirement for the period from his release until the Court of Appeals' affirmance of his SORA obligations, i.e., June 24, 1998, through February 18, 2003. The court stated, however, that Ways should get no credit for the period of February 18, 2003, through December 4, 2008, "because of non-compliance, incarceration or both." The court therefore ordered that Ways should get credit for having completed 55 months and 25 days of the 10-year registration requirement and that because of the time remaining on the 10-year period, Ways was "ordered to continuously register under [SORA] until at least April 9, 2014."
Ways appeals the portion of the December 4, 2008, order regarding his SORA obligations.

ASSIGNMENTS OF ERROR
Ways asserts that the district court erred in its December 4, 2008, order when it concluded that Ways was subject to SORA registration requirements for any time after June 24, because the January 31, 2002, order in the pandering case set a date certain of June 24, 2008, upon which his registration would end. In the alternative, Ways asserts that the district court lacked authority to issue SORA-related rulings in the present criminal contempt case.

STANDARD OF REVIEW
When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. State v. Head, 276 Neb. 354, 754 N.W.2d 612 (2008).

ANALYSIS
Because we find it to be dispositive, we first address Ways' assertion that the portion of the December 4, 2008, order regarding Ways' SORA obligations in the criminal contempt case was an improper exercise of authority by the district court. We conclude that the district court lacked authority in the criminal contempt case to address issues regarding SORA registration requirements arising from Ways' conviction in the separate earlier criminal case of pandering.
The present case regarding criminal contempt was a separate action and not part of the action in which Ways was convicted of pandering. The information in the present case, filed in late October 2008, charged Ways with two counts: failure to register under SORA and criminal contempt for disobeying the January 31, 2002, order in the pandering case ordering Ways to register. The information put Ways on notice of the charges against him. See State v. Kennedy, 251 Neb. 337, 557 N.W.2d 33 (1996) (information setting forth specific acts constituting offense gives adequate notice to defendant). The count of failure to register was dismissed as part of a plea agreement, and Ways pled guilty to criminal contempt. Notwithstanding the limited scope of the present case, in its sentencing order of December 4, 2008, the court exceeded the sentencing necessary to dispose of the criminal contempt identified in the information and addressed issues regarding registration requirements related to the pandering case.
Issues regarding the duration of Ways' registration requirements related to the 1996 pandering conviction were collateral to the present case, which was limited to the issue of criminal contempt. Ways pled guilty to contempt because he disobeyed the January 31, 2002, order in the pandering case to register between that date and May 15, 2003, a period during which Ways was subject to registration. The present case was not the appropriate forum to *681 raise and address issues pertaining to further calculations regarding the period of time during which Ways remained subject to registration. Instead, any request for modification or clarification of orders regarding registration requirements which stemmed from Ways' pandering conviction should have been raised and addressed by a proceeding in the separate criminal action in which Ways was convicted of pandering.
In its brief on appeal, the State urges us to affirm the district court's order of December 4, 2008, in all respects. The State argues that to the extent the court erred by addressing the registration issue in this case, the error was invited by Ways, who raised the issue by a letter requesting the court to issue an order that his registration requirement had ended on June 24. The record shows that the State had also corresponded with the court providing its calculations, culminating in the suggestion that Ways was subject to SORA registration until April 9, 2014. However, as we have concluded, the court did not have authority to address the issue of the duration of remaining registration in the present case, and the parties cannot confer such authority on the court through their agreement. See, similarly, Cummins Mgmt. v. Gilroy, 266 Neb. 635, 667 N.W.2d 538 (2003). We therefore conclude that the portions of the December 4, 2008, sentencing order in which the court addressed the registration requirements related to Ways' 1996 pandering conviction should be vacated.

CONCLUSION
In this criminal contempt case, we conclude that the district court was without authority to enter an order regarding the duration of Ways' SORA registration requirement, which was a consequence of his conviction for pandering in a separate criminal action. We therefore vacate that portion of the sentencing order of December 4, 2008, which orders Ways to register until at least April 9, 2014, and affirm the remainder of the sentencing order.
AFFIRMED IN PART, AND IN PART VACATED.
HEAVICAN, C.J., not participating.